Eric J. Goodman (CA State Bar No. 210694)
Amanda J. Mooney (CA State Bar No. 223376)
**GOODMAN MOONEY, LLP**
8001 Irvine Center Drive, Suite 1170
Irvine, California 92618
Telephone:(949) 622-0200
Facsimile:  (949) 622-0024
Email: *litigation@goodmanmooney.com*

Attorneys for Plaintiff, Huey Jiuan Liang

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| Huey Jiuan Liang, an individual<br><br>   Plaintiff,<br><br>  v.<br><br>AWG Remarketing, Inc., a New Jersey corporation; Group 3 Auctions, LLC, an Ohio limited liability company; Columbus Fair Auto Auction, Inc., an Ohio corporation; and DOES 1 through 10, inclusive,<br><br>   Defendants. | **CASE NO.**<br><br>**COMPLAINT FOR:**<br>  (1) **Copyright Infringement;**<br>  (2) **Contributory Infringement;**<br>  (3) **Removal, Alteration and/or Distribution of Copyright Management Information;**<br>  (4) **Conversion; and**<br>  (5) **Slander of Title.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Huey Jiuan Liang (hereinafter "Liang") alleges:

## **JURISDICTION AND VENUE**

1. This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§101 *et. seq.,* and for related claims of contributory infringement, removal of copyright notice, conversion, and slander of title. This Court has jurisdiction of this action under 28 U.S.C. §§1331, 1338(a) and (b), and this Court's pendent jurisdiction.

---
1
**COMPLAINT**

2. Venue is proper in this district under 28 U.S.C. §§1391 and 1400(a) as each and all of the Defendants conduct business in this district.

## PARTIES

3. Plaintiff, who is also known as "Jane Liang," is, and at all times mentioned herein was, an individual residing in Orange County, California. Plaintiff was a partner in the California limited liability company, Automotive Remarketing Xchange, LLC (hereinafter "ARX LLC"). Plaintiff is the successor-in-interest to ARX LLC, and hereby the exclusive holder of all of its rights, title and interest in and to ARX LLC's intellectual property including all applicable copyrights.

4. Upon information and belief, Defendant AWG Remarketing, Inc. (hereinafter "AWG") is, and at all times mentioned herein was, a New Jersey corporation. AWG is in the automotive wholesale auction software business.

5. Upon information and belief, Defendant Group 3 Auctions, LLC (hereinafter "G3") is, and at all times mentioned herein was, an Ohio limited liability company. G3 is in the automotive wholesale auction software business.

6. Upon information and belief, Defendant Columbus Fair Auto Auction, Inc. (hereinafter "CFAA") is, and at all times mentioned herein was, an Ohio corporation. CFAA is in the automotive wholesale auction business.

7. Defendants Does 1 through 10, whose identities and addresses are unknown to Plaintiff, are individuals and/or corporate entities that are engaged in the unlawful activities complained of herein. The Complaint will be amended, if appropriate, to include the name or names of these individuals when such information becomes available.

\\

GOODMAN MOONEY, LLP
8001 IRVINE CENTER DR., STE. 1170
IRVINE, CALIFORNIA 92618

8. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned the Defendants, including all Defendants sued under fictitious names, and those agents, employees, and/or independent contractors identified herein, were the agent and/or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of this agency or employment.

9. Defendants AWG Remarketing, G3, CFAA and DOES 1-10 shall be collectively referred to in this Complaint as "Defendants."

## BACKGROUND FACTS

10. ARX LLC was primarily in the business of creating, developing, marketing and distributing proprietary online software for the wholesale automotive auction market. Among the computer programs created, developed, marketed and distributed by Plaintiff was certain computer code and webpages (hereinafter the "ARX Program"), the subject of infringement in this Complaint.

11. At least as early as December 2010, ARX LLC began specifically creating and developing the ARX Program as a state-of-the-art stand-alone system for the automobile auction industry.

12. The ARX Program contains a substantial amount of wholly original copyrightable material which is protectable under the laws of the United States. The ARX Program includes at least two copyrighted elements: (1) the code of the ARX Program, protected as literary works, and (2) the screen shots of the ARX Program, protected as audiovisual works.

13. ARX LLC and Plaintiff have complied in all respects with the Copyright Act of 1976, <u>17 U.S.C. §101</u> *et. seq*. and all other laws governing copyright, and applied to the Register of Copyrights in order to obtain the following Certificates of Registration for the ARX Program:

3
**COMPLAINT**

| Item | Registration No. | Title of Work | Author |
|---|---|---|---|
| 1 | TX 7-718-189 | Automotive Remarketing Xchange Computer Code AU | ARX |
| 2 | TX 7-718-190 | Automotive Remarketing Xchange Computer Code DH | ARX |
| 3 | TX 7-718-192 | Automotive Remarketing Xchange Computer Code DS | ARX |
| 4 | TX 7-718-195 | Automotive Remarketing Xchange Computer Code FA | ARX |
| 5 | TX 7-718-196 | Automotive Remarketing Xchange Computer Code NR | ARX |
| 6 | TX 7-718-198 | Automotive Remarketing Xchange Computer Code ST | ARX |
| 7 | TX 7-718-203 | Automotive Remarketing Xchange Computer Code UB | ARX |
| 8 | TX 7-718-209 | Automotive Remarketing Xchange Computer Code TC | ARX |
| 9 | TXu 7-861-429 | Automotive Remarketing Xchange Computer Code BR | ARX |
| 10 | TXu 7-861-430 | Automotive Remarketing Xchange Computer Code DA | ARX |
| 11 | TXu 7-861-432 | Automotive Remarketing Xchange Computer Code DR | ARX |
| 12 | TXu 7-861-439 | Automotive Remarketing Xchange Computer Code EP | ARX |
| 13 | TXu 7-861-435 | Automotive Remarketing Xchange Computer Code FT | ARX |
| 14 | TXu 7-861-434 | Automotive Remarketing Xchange Computer Code IA | ARX |
| 15 | TXu 7-861-436 | Automotive Remarketing Xchange Computer Code PA | ARX |
| 16 | TXu 7-861-437 | Automotive Remarketing Xchange Computer Code TA | ARX |
| 17 | TXu 7-861-609 | Automotive Remarketing Xchange Computer Code TS | ARX |
| 18 | VA 1-860-096 | ARX Computer Webpage AD | ARX |
| 19 | VA 1-860-106 | ARX Computer Webpage AH | ARX |
| 20 | VA 1-860-155 | ARX Computer Webpage AS | ARX |
| 21 | VA 1-860-112 | ARX Computer Webpage AU | ARX |
| 22 | VA 1-860-165 | ARX Computer Webpage FA | ARX |
| 23 | VA 1-860-161 | ARX Computer Webpage FB | ARX |
| 24 | VA 1-860-159 | ARX Computer Webpage FF | ARX |
| 25 | VA 1-860-110 | ARX Computer Webpage FM | ARX |
| 26 | VA 1-860-143 | ARX Computer Webpage FQ | ARX |
| 27 | VA 1-860-144 | ARX Computer Webpage FS | ARX |
| 28 | VA 1-860-153 | ARX Computer Webpage FT | ARX |
| 29 | VA 1-860-098 | ARX Computer Webpage VA | ARX |
| 30 | VA 1-860-095 | ARX Computer Webpage XA | ARX |

14. ARX LLC placed copyright notices on all copies of the ARX Program that it has produced. Any and all copies of the ARX Program published by ARX LLC, Plaintiff, or under either of their authority or license have been published in strict conformity with the provisions of the Copyright Act of 1976, 17 U.S.C. §101, *et. seq.*, and all other laws governing copyright.

\\

15. Instead of selling or marketing the ARX Program to competitors with inferior front-end interfaces, ARX LLC set forth plans to acquire AWG and integrate the ARX Program with AWG's robust database of automotive vehicles and clients.

16. From late 2010, AWG worked with ARX LLC in hosting the ARX Program and preparing for its restricted internet launch in January 2011.

17. Throughout 2011, ARX LLC continued to customize the ARX Program with unique features, such as an integrated arbitration system, the xCentral system which is a personalized control panel that enables a dealer, one of which is Defendant CFAA, to monitor their transactions from the time of purchase or sale to delivery, and a dealer ratings system showing the number of deals closed, the number of returns, and customer ratings.

18. Since the creation of the ARX Program in late 2010, Plaintiff and ARX LLC have expended substantial amounts of money for research and development in order to improve and update the ARX Program. Start-up capital alone for Plaintiff totaled nearly $700,000.00 which provided the financial backing necessary for the development of the ARX Program.

19. Despite past representations that AWG would sell to Plaintiff, on or about December of 2011, Defendant AWG was secretly acquired by (and is now a wholly-owned subsidiary of) Defendant G3. Defendant G3 was specifically formed by its principals (one of which is an officer of CFAA and another is Plaintiff's rouge partner in ARX LLC) for the purposes of acquiring AWG.

20. Plaintiff, based on information and belief, alleges that on or about December 2011, G3 gained access to the proprietary source code of Plaintiff's ARX Program through the purchase of AWG.

\\

21. AWG and G3 and subsequently altered the ARX Program to remove the access controls from Plaintiff resulting in unauthorized and unconsented access to the ARX Program.

22. Plaintiff is informed and believes that since December of 2011, Defendants have knowingly and willfully converted the original ARX Program, reproduced the ARX Program, distributed copies of the ARX Program, and otherwise used the ARX Program, all without obtaining a valid license for use from Plaintiff.

23. Through the acquisition of AWG, CFAA (whose principals arranged funding for G3's acquisition of AWG) gained unfettered access to the ARX Program by a perpetual, royalty-free license fabricated by AWG and G3.

24. Plaintiff has made demands on AWG and G3 that they refrain from exploiting the ARX Program without consent of, and payment of royalty to, Plaintiff.

25. Plaintiff has not been compensated by Defendants for use of the ARX Program.

26. The natural, probable, and foreseeable result of the aforesaid conduct of Defendants has been to deprive Plaintiff of licensing revenue and to impose substantial expenses on Plaintiff to counteract the aforesaid conduct.

27. Plaintiff is informed and believes and based thereon alleges that unless enjoined by this Court, Defendants intend to continue their course of conduct, and to wrongfully use, infringe upon, and otherwise profit from the ARX Program.

28. As a direct and proximate result of the acts of the Defendants alleged above, Plaintiff has already and continues to suffer irreparable damage and sustain lost profits.

29. Plaintiff has no adequate remedy at law to redress all of the injuries the Defendants have caused and intend to cause by their conduct. Plaintiff will continue to suffer irreparable damage and to sustain lost profits until the Defendants' actions alleged above are enjoined by this Court.

## FIRST CLAIM FOR RELIEF
## AGAINST DEFENDANTS FOR
## COPYRIGHT INFRINGEMENT
## (17 U.S.C. §101, *et seq*.)

30. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 29, inclusive, and incorporates them by reference herein.

31. By means of the actions complained of herein, Defendants have infringed and will continue to infringe Plaintiff's copyright in and relating to the ARX Program, by using and interfering with the ARX Program without authorization from Plaintiff.

32. Plaintiff is entitled to an injunction restraining Defendants, their officers, agents and employees and all persons acting in concert with them, from engaging in further such acts in violation of the copyright laws.

33. Plaintiff is further entitled to recover from Defendants the damages she has sustained and will sustain as a result of Defendants' wrongful acts as hereinabove alleged. The amount of such damages cannot be determined at this time. Plaintiff is further entitled to recover from Defendants the gains, profits and advantages they have obtained as a result of their wrongful acts as hereinabove alleged. Plaintiff presently is unable to ascertain the full extent of the gains, profits, and advantages Defendants have obtained by reason of their aforesaid acts of copyright infringement.

\\

# SECOND CLAIM FOR RELIEF
# AGAINST DEFENDANTS FOR
# CONTRIBUTORY INFRINGEMENT
## (17 U.S.C. §101, *et seq*.)

34. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 33, inclusive, and incorporates them by reference herin.

35. Plaintiff is informed and believes that since December 11, 2011, Defendants have knowingly and willfully used the ARX Program without obtaining consent for use from Plaintiff.

36. Defendants continued unlicensed use of the ARX Program is without authorization and infringes the copyright in the ARX Program, under which Plaintiff holds the sole, exclusive rights to publish, exploit, use and distribute the ARX Program.

37. Each defendant conspired to, with one or more Defendants, and did significantly facilitate the copyright infringement, and knowingly and materially contributed to the infringement of the ARX Program.

38. Such actions by Defendants were intentional, willful, wanton, and performed in total disregard of the rights of Plaintiff.

39. Plaintiff is entitled to an injunction restraining defendant, its officers, agents and employees and all persons acting in concert with them, from engaging in further such acts in violation of the copyright laws.

40. Plaintiff is further entitled to recover from defendant the damages she has sustained and will sustain as a result of defendant's wrongful acts as hereinabove alleged. The amount of such damages cannot be determined at this time. Plaintiff is further entitled to recover from defendant the gains, profits and advantages they have obtained as a result of their wrongful acts as hereinabove alleged. Plaintiff as at present is unable to ascertain the full

extent of the gains, profits, and advantages defendant has obtained by reason of its aforesaid act of copyright infringement.

## THIRD CLAIM FOR RELIEF
## AGAINST DEFENDANTS FOR
## REMOVAL, ALTERATION AND/OR DISTRIBUTION OF
## COPYRIGHT MANAGEMENT INFORMATION
## (17 U.S.C. § 1202)

41. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 40, inclusive, and incorporates them by this reference herein.

42. Plaintiff is informed and believes that defendants AWG and G3 intentionally, willfully and knowingly removed Plaintiff's copyright management information, including copyright notices, which were placed on the ARX Program, and replaced them with fraudulent notices wrongfully declaring the rights to the ARX Program as belonging to AWG and/or G3.

43. Plaintiff is informed and believes that defendants AWG and G3 distributed copyright management information knowing that the copyright management information had been removed or altered without Plaintiff's authority.

44. Plaintiff is informed and believes that defendants AWG and G3 distributed copies of ARX Program, knowing that copyright management information has been removed or altered without authority of Plaintiff, knowing, or, with respect to civil remedies under 17 U.S.C. § 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

45. As a result of these acts, Plaintiff is entitled to statutory damages awards of $25,000.00 for each violation, as well as attorney fees and injunctive relief under 17 U.S.C. § 1703.

## FOURTH CLAIM FOR RELIEF
## AGAINST DEFENDANTS FOR
## CONVERSION

46. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 45, inclusive, and incorporates them by this reference herein.

47. The reasonable fair market value of the ARX Program will be proven at trial.

48. Since approximately December 2011, without Plaintiff's consent, Defendants have intentionally and substantially interfered with Plaintiff'S ARX Program and altered the ARX Program's source code in order to allow unauthorized and unlicensed use of the ARX Program by G3 and AWG, thereby converting it to Defendants' own use and denying exclusive access to the ARX Program by Plaintiff.

49. As the natural, reasonable, and proximate result of Defendants' wrongful conversion of plaintiff's property, which a proper degree of prudence on plaintiff's part would not have averted, plaintiff must rewrite the ARX Program using another software development application causing injury to plaintiff in an amount which cannot be determined at this time.

50. Between the time of Defendants' conversion and the filing of this action, Plaintiff expended time and money in pursuit of the property.

## FIFTH CLAIM FOR RELIEF
## AGAINST DEFENDANTS FOR
## SLANDER OF TITLE

51. Plaintiff hereby incorporates and realleges the allegations contained in Paragraphs 1 through 50, alleged herein.

52. Defendant AWG and Defendant G3 have published and distributed false statements concerning Plaintiff's title to and ownership of

rights in the ARX Program. The statements by AWG and G3 were not privileged, and AWG and G3 knew, or in the exercise of reasonable care should have known, that such statements would be relied upon by third parties and would result in pecuniary loss to Plaintiff. In making these statements, AWG and G3 acted with knowledge of or in conscious disregard of the falsity of these statements.

53. As a proximate result of this unlawful disparagement of property and slander of title, Plaintiff has suffered damages in an amount not yet precisely ascertainable. Plaintiff shall insert herein by amendment the precise amount of such damages when they have been precisely ascertained.

54. On information and belief, defendant AWG and defendant G3 have been guilty of oppression, fraud, and malice in doing the aforementioned unlawful acts. Accordingly, Plaintiff is entitled to exemplary or punitive damages, for the sake of example and by way of punishing Defendants.

55. The aforesaid unlawful conduct of defendant AWG and defendant G3 threatens to and will continue to cause Plaintiff to suffer pecuniary loss unless preliminarily and permanently enjoined by this Court. Plaintiff has no adequate remedy at law for Defendants' wrongful conduct, and the damages resulting to Plaintiff from Defendants' wrongful conduct, and the conduct itself, are continuing. Accordingly, Plaintiff is entitled, in addition to the recovery of damages, to appropriate injunctive relief to prevent defendants AWG and G3 from continuing to engage in the unlawful conduct herein alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants, and each of them, for the following:

1. That Defendants each be held to have infringed Plaintiff's

11
**COMPLAINT**

copyrights in its ARX Program;

2. That Defendants, their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing Plaintiff's copyrights in the ARX Program;

3. That Defendants, their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined to return Plaintiff any originals, copies, facsimiles, or duplicates of the ARX Program in their possession, custody or control;

4. That Defendants each be enjoined to deliver upon oath, to be impounded during the pendency of this action, and for destruction pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe any of Plaintiff's copyrights;

5. That Defendants each be required to file with the Court and to serve on Plaintiff, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendants each complied with the Court's order;

6. That judgment be entered for Plaintiff and against Defendants, for Plaintiff's actual damages according to proof in an amount not less than $1,000,000.00;

7. That judgment be entered for Plaintiff and against Defendants, for any profits attributable to infringements of Plaintiff's copyrights, in accordance with proof;

8. That Defendants each be required to account for all gains, profits, and advantages derived from their acts of infringement and for their other violations of law;

9. That all gains, profits, and advantages derived by Defendants from

their acts of infringement and other violations of law be deemed to be in constructive trust for the benefit of Plaintiff;

10. That judgment be entered for Plaintiff for damages sufficient to indemnify plaintiff for the loss which is the natural, reasonable, and proximate result of defendant's conversion in an amount to be determined by proof at trial, or in the alternative, damages for the value of the property at time of the conversion in an amount to be determined by proof at trial;

11. That Plaintiff be awarded prejudgment interest at the legal rate on the value of the converted property pursuant to California Civil Code § 3336;

12. That Plaintiff be awarded damages for the time and money properly expended in pursuit of the converted property in an amount to be determined by proof at trial;

13. That Plaintiff be awarded statutory damages in an amount of $25,000.00 for each violation, as well as attorney's fees and injunctive relief pursuant to 17 U.S.C. § 1703;

14. That Plaintiff be awarded punitive damages;

15. That Plaintiff be awarded attorney's fees and costs of suit; and

16. Any other and further relief the court considers proper.

Date: October 17, 2013            GOODMAN MOONEY, LLP

                                        /Eric Goodman/
                                        Eric J. Goodman
                                        Attorneys for Plaintiff

GOODMAN MOONEY, LLP
8001 IRVINE CENTER DR., STE. 1170
IRVINE, CALIFORNIA 92618

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable by right pursuant to Fed. R. Civ. P. 38.

Date: October 17, 2013                    GOODMAN MOONEY, LLP


/Eric Goodman/
Eric J. Goodman
Attorney for Plaintiff

**COMPLAINT**