UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HUEY JIUAN LIANG,**

    **Plaintiff,**

    v.

**AWG REMARKETING, INC., et al.,**

    **Defendants.**

    Case No. 2:14-cv-00099
    **JUDGE GREGORY L. FROST**
    Magistrate Judge Norah McCann King

**OPINION AND ORDER**

    This matter is before the Court for consideration of Defendants motion for reconsideration of the Court's March 31, 2015 Order granting Plaintiffs' request for a forty-five day extension of time to respond to Defendants' pending summary judgment motion, (ECF No. 125), Plaintiffs' response in opposition (ECF No. 128), and Defendants' reply memorandum (ECF No. 129).  For the foregoing reasons, the Court **DENIES** the motion.

**I.**

    A brief background of the facts of this case is necessary to put Defendants' motion in context.  This case involves the alleged copyright infringement of a software program.  Plaintiff alleges that she is the successor-in-interest to the company Automotive Remarketing Xchange, LLC ("ARX"), which allegedly owned the program at issue.  Plaintiff alleges that ARX transferred its rights in the program to her.

    Defendants argue that Plaintiff does not and has never owned the program.  Due to this dispute, the parties agreed that Defendants would file a preliminary motion for summary

1

judgment on the issue of standing ("Preliminary Motion") before the discovery period closed in this case.  Defendants agreed to file the Preliminary Motion on or before March 1, 2015.  Meanwhile, the Court set a discovery cut-off deadline for August 1, 2015, and a dispositive motion deadline for September 1, 2015.

Defendants moved to extend the time in which they could file their Preliminary Motion.  Explaining that they could not schedule Plaintiffs' deposition until late February and that they needed an extra fifteen days to incorporate Plaintiffs' testimony into their Preliminary Motion, Defendants requested an extension until March 16, 2015.

The Court granted the request and, on March 16, 2015, Defendants filed their Preliminary Motion.  Defendants cite throughout the Motion to the declaration of Mr. Edward Rezek, who claims to have authored the program at issue.  The declaration was obtained in 2013 in a California state case in which copyright infringement was not at issue.

Plaintiff then moved, pursuant to Federal Rule of Civil Procedure 56(d), for a forty-five day extension of time to respond to Defendants' Preliminary Motion.  Plaintiff argued, *inter alia*, that the extension was necessary so that she could take Mr. Rezek's deposition and incorporate that testimony into her brief.

The Court granted the motion.  Plaintiffs' response to Defendants' Preliminary Motion is due on or before May 21, 2015.

Shortly after the Court filed its Order granting the Rule 56(d) motion, Defendants filed a motion for reconsideration.  Defendants argue that Plaintiff had the opportunity to depose Mr. Rezek in the 2013 California case, that Plaintiff has not been diligently pursuing this litigation,

and that Plaintiff does not need forty-five days to schedule Mr. Rezek's deposition, among other arguments.

Defendants later notified the Court that Mr. Rezek's deposition is scheduled for May 4, 2015. Plaintiff therefore will have seventeen days to incorporate Mr. Rezek's deposition testimony into her brief.

## II.

Typically, a court will consider a motion for reconsideration if there exists: (1) an intervening change of controlling law, (2) new evidence available, or (3) a need to correct a clear error or prevent manifest injustice. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)). The Court agrees with Plaintiff that the second reason, "new evidence available," generally applies when new evidence has come to light that previously was not available to the parties. The second reason does not apply where, as here, all evidence has been available but one party wishes to present new arguments about that evidence to the Court.

Defendants' request therefore is best analyzed under the third standard: the need to correct a clear error or prevent manifest injustice. Defendants fail to satisfy this standard. Although Defendants argue that Plaintiff had a chance to depose Mr. Rezek in the California litigation in 2013, they do not argue that Plaintiff should be precluded from deposing Mr. Rezek in this case. Instead, the crux of Defendants' argument seems to be that Plaintiff should have scheduled Mr. Rezek's deposition in advance of the date on which Defendants would file their Preliminary Motion. Given that the discovery cut-off deadline is still several months away,

however, it is unclear to the Court why Plaintiff's failure to schedule Mr. Rezek's deposition before March of 2015 is of any relevance. The Court sees no clear error or manifest injustice in allowing Plaintiff to depose Mr. Rezek before responding to Defendants' Preliminary Motion.

Defendants then suggest that Plaintiff should not be afforded the forty-five day extension she requested. But, as stated above, Plaintiff will have seventeen days to incorporate Mr. Rezek's testimony into her brief, which is comparable to the amount of time Defendants requested to incorporate deposition testimony into their Preliminary Motion. The Court again finds no clear error or manifest injustice in its decision.

The parties' remaining arguments are inconsequential to this issue. The Court accordingly **DENIES** Defendants' motion for reconsideration. (ECF No. 125.)

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
    GREGORY L. FROST
    UNITED STATES DISTRICT JUDGE