# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**HUEY JIUAN LIANG,**

            **Plaintiff,**

                                          **Case No. 2:14-cv-00099**
      **v.**                              **JUDGE GREGORY L. FROST**
                                          **Magistrate Judge Norah McCann King**

**AWG REMARKETING, INC., et al.,**

            **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants Columbus Fair Auto Auction, Inc., AWG Remarketing, Inc., and Group 3 Auctions, LLC's (collectively, "Defendants") motion for attorneys' fees and costs (ECF No. 227), Plaintiff's response in opposition (ECF No. 244) and affidavit in opposition (ECF No. 245), and Defendants' reply memorandum (ECF No. 246). For the reasons that follow, the Court **GRANTS** the motion and awards Defendants $581,459.40 in attorney's fees and $2,195.07 in costs.

## I.     BACKGROUND

The facts of this case have been set forth in detail in the Court's January 5, 2015 Opinion and Order (ECF No. 100) and August 18, 2015 Opinion and Order (ECF No. 224). For ease of reference, the facts set forth in the Court's August 18, 2015 Opinion and Order are restated below.

### A.  Facts

This case involves a copyright dispute over an automobile auction website. Automotive Remarketing Exchange ("ARX"), a company in the business of online software for the wholesale

1

automobile auction market, purportedly owned the website and underlying computer code.  ARX had four members before it dissolved:  Plaintiff Liang, Counterclaim Defendant William Bonnaud, and non-parties Peter Levy and Marc Holstein.

The following facts are undisputed in this litigation.  In the fall of 2010, ARX hired iUniverse, Inc. to develop its website.  Edward Rezek owned iUniverse, Inc. at all times relevant.  Rezek previously participated in the development of a related website, bidday.com, and was able to use many of bidday.com's same features in creating the ARX website.  The parties refer to the ARX website and underlying code as the "ARX Program."

At some point after Rezek created the ARX Program, ARX initiated a plan to acquire AWG.  The acquisition would combine ARX's online software with AWG's database of automotive vehicles and clients.  Negotiations fell through, however, and the acquisition did not go forward.

In April of 2012, ARX sued Levy and Holstein in California state court.  ARX alleged that Levy and Holstein appropriated the AWG acquisition opportunity.  ARX was dissolved on December 18, 2012 while the California litigation was ongoing.

After ARX was dissolved, Liang attempted to substitute herself as the plaintiff for ARX.  Liang claimed that ARX assigned her its legal claims before it was dissolved.  Liang testified that she signed the documents assigning ARX's legal claims to her ("Legal Assignment Documents") on December 1, 2012.  During the California litigation, Liang did not indicate that she had been assigned ARX's copyrights at any time.

The California state court rejected Liang's claim.  After finding Liang not credible, it noted that there existed too many holes in Liang's story that she signed the Legal Assignment

2

Documents before ARX was dissolved. The court made the factual finding that no assignments were made from ARX to Liang prior to ARX's dissolution.

Meanwhile, in April of 2013, Liang registered several copyrights with the United States Copyright Office. The copyrights included visual ARX webpages as well as HTML computer code. Liang's registration lists ARX as the author of the copyrighted works, and herself as a claimant through "Transfer: By written agreement." (ECF No. 120-15, at PAGEID # 1960.)

Liang filed the present lawsuit in October of 2013. This complaint names AWG and Group 3 as defendants and asserts claims for copyright infringement, contributory infringement, and removal, alteration, and/or distribution of copyright management information under the Copyright Act. Liang alleged that she had standing to prosecute this action because she was the "successor-in-interest to ARX LLC, and hereby the exclusive holder of all of its rights, title and interest in and to ARX LLC's intellectual property including all applicable copyrights." (ECF No. 1 ¶ 3.)

Defendants filed three counterclaims. The first two, asserted against Liang and Bonnaud, sought declaratory judgments that Defendants did not infringe any copyrights associated with the ARX Program and that neither Liang nor Bonnaud own any copyrights associated with ARX. The third counterclaim asserted a claim for abuse of process against Liang.

Defendants also filed a third-party complaint against AWG's former majority shareholder, William Greenwald. Defendants alleged that Greenwald made certain representations and warranties regarding AWG's ownership of the computer code it used. Defendants' theory of recovery in the third-party complaint was that Liang's allegations proved that those representations and warranties were false, thereby triggering Greenwald's duty to

indemnify Defendants for the cost of defending this lawsuit.  Several issues between Defendants and Greenwald involving the sale of AWG are being litigated in a separate case filed in New Jersey that subsequently was transferred to this Court.  The Court initially consolidated the Greenwald case with this litigation; however, after Liang attempted to use the Greenwald case as a reason to delay discovery in this litigation, the Court deconsolidated the two cases.

During discovery in this litigation, Liang produced for the first time documents purporting to formally assign ARX's intellectual property rights to her ("Copyright Assignment Documents").  These documents are signed by Liang and Bonnaud but not by Levy or Holstein.

Defendants requested that Liang admit that she did not sign the Copyright Assignment Documents before ARX was dissolved.  Liang, however, responded that she could "neither admit nor deny" that she "signed the document until after December 18, 2012, since I signed so many documents forwarded to me by my former attorney Eric Goodman."  (ECF No. 120, at PAGEID # 1810.)  According to Defendants, Liang's answer is purposefully vague because she seeks to maintain this lawsuit while simultaneously prosecuting a malpractice lawsuit against her former attorney.

Eric Goodman's involvement in this case is relevant to the parties' arguments on the fee issue.  Defendants attached to their motion a Rule 11 letter that they sent to Mr. Goodman in June of 2014 in which they set forth the legal basis for their standing argument.   On July 29, 2014, Liang (through counsel) contacted the Copyright Office and requested cancellation of the copyrights she previously registered.  On July 31, 2014, Liang (through counsel) moved to voluntarily dismiss all of her claims in this action with prejudice.  Liang (again through counsel) also engaged in settlement communications with Defendants during this time.

4

At some point thereafter, Liang fired Goodman and hired new counsel.  Liang (through new counsel) informed the Court in October of 2014 that she was withdrawing her motion to voluntarily dismiss her claims.

On March 16, 2015, Defendants filed a motion for summary judgment on the issue of Liang's standing to pursue her claims.  In their motion, Defendants argued that Liang does not own the copyrights at issue such that she lacks standing to prosecute this action.

Liang requested an extension of time to respond to Defendants' motion.  Her request, dated March 30, 2015, stated that she needed additional time to find and depose Rezek, which had proved difficult despite "substantial efforts" to find him.  (ECF No. 122, at PAGEID # 2019.)  Liang indicated that she had "identified three possible addresses for Mr. Rezek and intends to attempt service at all three."  (*Id.*)  Based on Liang's representations, the Court granted her request.

Approximately two weeks later, apparently after having located Rezek, Liang and Rezek signed a Settlement Agreement and Mutual General Release effective April 16, 2015 ("April 16, 2015 Release").  (ECF No. 159-2, at PAGEID # 3018–22.)  The Release purports to transfer Rezek's rights in the ARX Program to Liang.  Rezek later testified during his deposition that Liang's counsel had his telephone number and address "probably towards the middle of March." (ECF No. 167-3, at PAGEID # 3203.)

Liang subsequently responded to Defendants' motion.  Liang argued that she became the owner of the copyrights at issue by virtue of the Release.  Alternatively, Liang argued that she obtained a license to use the copyrighted ARX Program through Bonnaud, who (Liang claims) contributed to the ARX Program's development.  Without referencing or discussing the

5

Copyright Act's provisions regarding the formalities required to assign a copyright, Liang cited a declaration from Bonnaud stating that he intended to provide an exclusive license to ARX, "though [he] did not concern [himself] with the legalities and concepts like a formal assignment." (ECF No. 159.)  Other than a passing reference to the fact that she registered herself as the owner of certain copyrights (her attempt to cancel those registrations notwithstanding), Liang did not offer any other arguments in response to Defendants' motion.

Importantly for purposes of the present motion, Liang abandoned her argument that ARX assigned its copyrights to her prior to its dissolution.  Liang's counsel now acknowledges that "it is understandable that both this Court and Defendants question the validity of the state assignment and I lack sufficient information to address this question."  (ECF No. 244-1, at PAGEID # 5714.)  Liang also did not raise or address the standing argument originally offered in her complaint: that she acquired ARX's interests in the ARX Program by virtue of her status as the "successor-in-interest to ARX LLC."  Liang argues in her opposition to Defendants' motion for fees that her standing argument "was predicated upon . . . her acquisition of rights upon dissolution unrelated to the questionable state court assignment," (ECF No. 244, at PAGEID # 5703), but that statement mischaracterizes the record.  Although Liang's counsel mentioned "Plaintiff's status as sole creditor of ARX" in his declaration in opposition to Defendants' motion for summary judgment, (ECF No. 244-1, at PAGEID # 5714), Liang did not discuss the issue of ARX's dissolution or otherwise articulate this argument in opposing Defendants' summary judgment arguments.

### B. Subsequent Procedural History

The Court granted Defendants' motion for summary judgment on the issue of Liang's standing.  In so holding, the Court rejected each of Liang's arguments in favor of standing.  First, the Court rejected Liang's argument that Bonnaud was a contributing author to the ARX Program and granted an exclusive license to the same to ARX.  The Court found Liang's argument to be without merit for several reasons: namely, no legal authority supported Liang's contention that Bonnaud should be excused from the Copyright Act's requirement that copyright transfers must be in writing.  *See* 17 U.S.C. § 204(a).  Liang's reliance on Bonnaud's statement in his declaration that he "did not concern [himself] with the legalities and concepts like a formal assignment," (ECF No. 159-1, at PAGEID # 3014), was unsupported and unpersuasive.

Liang's argument that the April 16, 2015 Release transferred Rezek's rights in the ARX Program to Liang likewise failed.  Liang relied on two non-analogous cases from outside the Sixth Circuit to argue that the April 16, 2015 Release retroactively cured her lack of standing.  The Court noted that this authority did not override "the United States Supreme Court's, the Sixth Circuit's, and lower courts' pronouncements that standing must exist at the time a complaint is filed in order for a court to exercise subject matter jurisdiction."  ECF No. 224, at PAGEID # 5251 (citing *Lujan v. Defendants of Wildlife*, 504 U.S. 555, 571 n.4 (1992), *Banctraining Video Sys. v. First Am. Corp.*, 956 F.2d 268, at *4 (6th Cir. 1992), and *In re Flash Memory Antitrust Lit.*, No. C07-0086, 2010 WL 2465329, at *3 (N.D. Cal. June 10, 2010)).  Because it was undisputed that Liang had not received Rezek's copyright interests in the ARX Program as of October 17, 2013 (the day Liang filed her complaint), the Court held that Liang lacked standing to prosecute this action.

Liang referenced other issues in her brief but did not argue or explain how those issues supported her position. She asserted in passing, for example, that she owned the copyrights at issue because she registered some of them with the United States Copyright Office. Liang did not address the fact that registration creates only a presumption of ownership that can be—and was—rebutted at the summary judgment stage. Liang similarly did not address the fact that the copyright registrations state that she acquired an ownership interest through a "written agreement" that has never been presented to the Court.

The Court therefore concluded that Defendants were entitled to summary judgment on all of Liang's claims. The Court disagreed with Defendants, however, that they were entitled to summary judgment on their counterclaims. Given the April 16, 2015 Release, the Court could not conclude that Liang did not own any copyrights associated with ARX. The Court therefore could not issue a declaratory judgment to that effect at the summary judgment stage. Defendants subsequently voluntarily dismissed their declaratory judgment counterclaims.

Shortly after the Court issued its Opinion and Order granting summary judgment on Liang's claims, Defendants filed the motion for attorneys' fees and costs that is now before the Court. In this motion, Defendants request a total of $673,712.68 in legal fees and costs. Defendants state that they are the prevailing party on Liang's Copyright Act claims and therefore are entitled to their legal fees and expenses pursuant to 17 U.S.C. § 505. Defendants also request that the Court issue an order pursuant to Federal Rule of Civil Procedure 11(c)(3) ordering Liang to show cause for why additional sanctions should not be imposed for violating Rule 11(b).

The award Defendants seek includes those fees and costs associated with their prosecution of the third-party complaint. The parties do not address the specific issue of these

fees and costs in their briefs.

The Court held an oral hearing on Defendants' motion for attorney's fees and costs on October 23, 2015. At that hearing, Defendants presented the following evidence: (1) a declaration of Jeffrey R. Deibel, the Collections Manager for the law firm Ice Miller, L.L.P. ("Ice Miller") regarding the fees and costs billed for this matter as of October 15, 2015; (2) a report from attorney Michael H. Carpenter opining as to the reasonableness of Defendants' fees and costs billed; (3) a proposed settlement agreement prepared by Ice Miller and sent to Plaintiffs' local counsel and former out-of-state counsel; (4) a second proposed settlement agreement prepared by Ice Miller and sent to Plaintiffs' local counsel and present out-of-state counsel, along with a letter from Plaintiffs' counsel declining to engage in settlement discussions and a response from Ice Miller; (5) a letter pursuant to Federal Rule of Civil Procedure 11 from Ice Miller to Plaintiffs' local counsel and former out-of-state counsel; and (6) an engagement letter between Ice Miller and Mr. Carpenter's law firm, Carpenter Lipps & Leland LLP.

The total amount of attorneys' fees set forth in the invoices is $819,232.50. The total amount of costs set forth in the invoices is $7,684.89.

Defendants presented Mr. Carpenter as a witness at the oral hearing. The Court accepted Mr. Carpenter as an expert on the issue of fees and costs in this matter over Liang's objection.

Mr. Carpenter testified that, in his expert opinion, the rates that Ice Miller charged to Defendants were reasonable, the hours that Ice Miller extended on each task were reasonable, and the costs that Ice Miller charged to Defendants were reasonable. Regarding costs, Mr. Carpenter testified regarding his own engagement and involvement in this case. He stated that he had "expended time in this matter that [he] expect[ed] to be reimbursed for by defendants,"

9

and that the time he spent on this case and the rates he was charging were reasonable. (ECF No. 250, at PAGEID # 6131–32.)

Mr. Carpenter also testified about his opinion as to the scope of work performed in this case. Mr. Carpenter identified six entries from the bills presented to him that involved the related case between Greenwald and Defendants that had been filed in New Jersey. In Mr. Carpenter's opinion, those entries were not reasonably related to Liang's copyright action. Mr. Carpenter therefore opined that the Court should reduce the fee award by $3,278, leaving a total of $815,954.50 in attorneys' fees.

Finally, Mr. Carpenter provided an opinion on the reasonableness of the counterclaims and third-party complaint to this action. Mr. Carpenter opined that the third-party complaint is derivative of Liang's copyright claims and "that it was an absolutely appropriate and necessary act to bring a third-party complaint as a result of the complaint filed here." (ECF No. 250, at PAGEID # 6142.) Mr. Carpenter likewise opined that the counterclaims for abuse of process were reasonably necessary to defend the copyright action.

The parties concluded the October 23, 2015 hearing by presenting oral argument on Defendants' motion. Defendants clarified that they are not seeking to recover expert fees as costs under the Copyright Act. *See id*. at PAGEID # 6166; PAGEID # 6172. Those costs "would be recoverable under Rule 11 should the Court order show cause and grant fees." (*Id*. at PAGEID # 6166.) Defendants also clarified that they seek a show-cause order under Rule 11(c) instead of sanctions under Rule 11(b) because they did not serve a Rule 11 motion on Liang as Sixth Circuit precedent requires.

Subsequent to the oral hearing, on December 15, 2015, the Court adjudicated

10

Defendants' and Greenwald's cross motions for summary judgment on the third-party complaint. The Court found that Greenwald was entitled to summary judgment on all of Defendants' claims. The Court based its holding on the fact that the third-party complaint sought indemnification for Greenwald's alleged breaches of certain warranties and representations that he made during the sale of AWG but that, absent any evidence in support of Liang's allegations of copyright infringement, there was no evidence that Greenwald breached any warranties and representations.

On December 16, 2015, Defendants filed a notice of an extra $23,835.98 in costs incurred. The costs represent the amount paid to Mr. Carpenter for his testimony at the October 23, 2015 oral hearing. Liang filed a motion to strike this notice. (ECF No. 254.) In this motion, Liang argues that the notice is improper because it comes nearly two months after the October 23, 2015 oral hearing and because she did not have the opportunity "to challenge the reasonableness of what Mr. Carpenter intended to charge for his services as an expert witness for the hearing." (ECF No. 254, at PAGEID # 6243.) Liang concluded that allowing Defendants to seek the costs set forth in the notice "would be unfairly prejudicial to Plaintiff, and contravenes basic principles of due process in connection with this proceeding." (*Id.*)

Defendants responded that they did not have Mr. Carpenter's bill available to present at the October 23, 2015 because it encompasses Mr. Carpenter's time in testifying at that hearing. Defendants add that Liang had the opportunity to cross-examine Mr. Carpenter regarding his billable rates and the scope of his work at the hearing and that the notice simply set forth in writing information that Liang already should have known.

The Court proceeds to address the parties' arguments.

11

## II.    ANALYSIS

The Copyright Act provides that "a court in its discretion may allow the recovery of full costs by or against any party . . . .  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505. A defendant "prevails" for purposes of this provision if it "succeeds in having summary judgment entered in its favor on the copyright infringement claims asserted against it."  *Compass Homes, Inc. v. Heritage Customer Homes, LLC*, No. 2:13-cv-779, 2015 WL 4639654, at *5 (S.D. Ohio Aug. 3, 2015) (quoting *Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 893 (6th Cir. 2004)).  In fact, "[w]hen the prevailing party is a defendant who receives no award, the presumption in favor of awarding fees in very strong."  *Id.* (citing *Assessment Techs. of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004)).

"The grant of fees and costs 'is the rule rather than the exception and [such fees and costs] should be awarded routinely."  *Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 592 (6th Cir. 2008) (citing *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 380 (5th Cir. 2004)).  Although there is no precise formula for making the determination whether fees should be awarded in a specific case, the United States Supreme Court has provided four nonexclusive factors that courts should consider.  *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994); *Bridgeport Music, Inc.*, 520 F.3d at 592.  Those factors are: "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *Fogerty*, 510 U.S. at 534 n.19.  The Court is cognizant that each factor need not be satisfied for an award to be proper; however, an award must remain faithful to the purposes of

the Copyright Act.  *See id.; see also Balsley v. LFP, Inc.*, 691 F.3d 747, 773 (6th Cir. 2012).

Here, the Court agrees with Defendants that they are the "prevailing party" on Liang's claims within the meaning of § 505.  The Court likewise agrees with Defendants that fees and costs are warranted in this case.  The Court is cognizant, however, that it "does not serve as a rubber stamp of the requested fees and costs."  *Chicago Title Ins. Corp. v. Magnuson*, No. 2:03-CV-368, 2005 WL 2373430, at *30 (S.D. Ohio Sept. 26, 2005), *rev'd in part on other grounds*, 487 F.3d 985 (6th Cir. 2007).  Defendants bear the burden of "proving that the requested monies are reasonable."  *Id.* (citing *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999)).

## A.  An Award is Proper in this Case

### 1.  *Objective Unreasonableness*

Liang's position with respect to standing was objectively unreasonable.  As stated above, Liang asserted two arguments in support of her position: that Bonnaud transferred his rights in the ARX Program to Liang before she initiated this lawsuit, and that Rezek transferred his rights in the ARX Program to Liang midway through this lawsuit, thus retroactively curing her lack of standing.

Liang's first argument is unreasonable in light of the Copyright Act's clear requirement that transfers of copyright interests be in writing.  *See* 17 U.S.C. § 204(a).  Liang made no attempt to provide a writing transferring Bonnaud's alleged interests in the ARX Program.  Nor did Liang provide a reasonable legal basis for her argument that § 204(a) should not apply in this case.  Instead, Liang argued only (and without any legal support) that Bonnaud should be excused from this legal formality because he did not concern himself with legal formalities.  That position is objectively unreasonable.

13

Liang's second argument in support of her position also is objectively unreasonable. Liang filed this lawsuit on October 17, 2013. Defendants informed Liang of their position that she had no standing to pursue this action in a letter dated June 27, 2014. (ECF No. 227-1, at PAGEID # 5286.) Liang did not get the April 16, 2015 Release until almost a year later. As such, even if the April 16, 2015 Release could retroactively cure the standing issue, Liang pursued this lawsuit for almost a year without taking that step. Pursuing a lawsuit for such a significant amount of time knowing that there exists no legal basis for standing is objectively unreasonable. *Cf. Custom Homes, Inc. v. Heritage Custom Homes, LLC*, No. 2:13-cv-779, 2015 WL 4639654, at *5–*6 (S.D. Ohio Aug. 3, 2015) (awarding fees and finding that a copyright lawsuit was objectively unreasonable when the plaintiff pursued it for over a year without having the certificate of registration for the copyrights at issue).

Liang's conduct is even more unreasonable given the way in which she obtained the April 16, 2015 Release and communicated that course of action to Defendants and the Court. As stated above, Liang stated to the Court on March 30, 2015 that she needed an extension of time in order to locate and depose Rezek. Rezek testified, however, that Liang's counsel contacted him in mid-March. Liang secured the release from Rezek on April 16, 2015. At a minimum, therefore, regardless of whether Liang affirmatively misrepresented facts in her motion for extension, she misled Defendants and the Court about the reason she needed to find Rezek. It is unreasonable to request a 48-day extension under the guise of locating and deposing a third party when the extension actually is being sought to obtain ownership of the copyrights at issue and create a new theory of standing under weak legal precedent.

Liang suggests in her opposition to Defendants' fee motion that her argument had a

14

colorable legal basis.  In doing so, however, she attempts to provide additional legal support (including new cases) for the arguments she made in her opposition to Defendants' motion for summary judgment.  Liang had the opportunity to present all relevant arguments and authority during the briefing on Defendants' motion for summary judgment.  She elected not to do so.  The fact that she located additional legal authority that could have supported her position is irrelevant now that the standing issue has been decided.

Liang also misrepresents the arguments she presented in her opposition to Defendants' motion for summary judgment.  For example, Liang states in her brief that her opposition "was predicated upon . . . her acquisition of rights as the sole creditor of the LLC at the time of dissolution," (ECF No. 244, at PAGEID # 5703), but that argument does not appear in her summary judgment brief other than a passing reference in her counsel's declaration.  Liang also asserts that her standing arguments were based on the fact that she previously registered certain copyrights, but she did not provide any meaningful argument on that issue in her summary judgment brief.  As noted above and in the Court's summary judgment order, the registrations created only a *prima facie* showing of ownership that can be—and was—rebutted.  That fact that Liang registered certain copyrights therefore does not create an objectively reasonable standing argument.

Other factors also support Defendants' argument that Liang's claim was objectively unreasonable from the start.  At one point Liang's standing argument relied on her assertion that ARX had assigned certain rights to her before it was dissolved.  After the California state court found Liang not credible on this issue, Liang abandoned this argument.  Liang then made the two arguments discussed above in her opposition to Defendants' summary judgment motion.

15

Subsequently, Liang attempted to question Mr. Carpenter at the October 23, 2015 hearing about California law regarding dissolved companies and the rights that pass to creditors—an argument that, as stated above, Liang did not make at the summary judgment stage.  *See* ECF No. 250, at PAGEID # 6150–51.  The Court agrees with Defendants that these facts suggest that Liang's position regarding standing has been a moving target from the start.

Liang argues that much of the above-mentioned conduct is attributable to her former attorney, against whom she is pursuing a malpractice claim.  This argument is without consequence to the Court's analysis.  Liang's former attorney's conduct as her agent in this litigation is attributable to her.  Any action he took that was outside the scope of his authority is a matter for the court adjudicating the malpractice action.

Liang finally argues that the April 16, 2015 Release was "responsible for rejecting Defendants' MSJ regarding declaratory relief of non-infringement" (ECF No. 244, at PAGEID # 5703) and that this fact "should weigh heavily against an award of attorney's fees in this case, or at a minimum act as a substantial offset against any award of fees" (*id*. at PAGEID # 5704.) Liang again cites no legal authority in support of this conclusion.  As Defendants note, Liang did not "prevail" on the counterclaims simply because the Court denied summary judgment on those claims.  Liang likewise did not "prevail" on the counterclaims when Defendants voluntarily dismissed them.

### 2. *Need for Compensation and Deterrence*

The need for compensation and deterrence is particularly acute in this case.  Liang has indicated (through her counsel) that she intends to refile this action now that she owns Rezek's copyright interests in the ARX Program.  Despite proceeding for over two years, however, this

16

case is no closer to a resolution on the merits than the day it was filed.  The parties have participated in minimal discovery, few depositions have been taken, and Liang's indication in July of 2015 that she sought to discover new parties and theories of liability suggests that she is still attempting to discern the nature of her claims.  *See* ECF No. 196, at PAGEID # 4012.  The result is that Defendants have spent a significant amount of time and money unnecessarily litigating a procedural issue before being required to spend a significant amount of time and money litigating the merits of a new case.  Compensation is necessary to put Defendants back in their original position so that they can address any new claims Liang might file.

The fact that this lawsuit has proceeded for over two years and the parties are no closer to a resolution of Liang's claims also evinces a need for deterrence.  The Court agrees with Defendants that, given the weakness of her standing arguments, Liang unnecessarily delayed this litigation.  Liang sought unwarranted discovery extensions, moved to "strike" her deposition transcript despite having no objectively reasonable legal basis for doing so, and failed to respond to one defendant's motion for summary judgment, thereby suggesting that she had no legal basis for pursuing claims against that defendant.  Liang's assertion in July of 2015 that she sought to discover new defendants and new theories of liability also indicates a desire to pursue this litigation indefinitely.  Such conduct suggests that Liang is litigating this case for the sake of litigating and not to resolve her copyright infringement claims.  Deterrence of such conduct is necessary.

The Court finds these factors—objective unreasonableness and the need for compensation and deterrence—dispositive of the fees and costs issue in this case.  *Cf. Custom Homes*, 2015 WL 4639654, at *5–*6 (predicating a fee award on these factors without reference

17

to the remaining *Fogerty* factors).  Defendants are entitled to recover their fees and costs spent defending Liang's copyright infringement claims.

The next issue for the Court is the amount to award.  Specifically, the Court must consider whether the fee award should include the fees and costs Defendants incurred pursuing their third-party complaint and counterclaims, and whether the remaining fees and costs charged are reasonable and recoverable under § 505 of the Copyright Act.

**B.      Amount of Award**

*1.   Third-Party Complaint*

The Court finds that awarding Defendants' their fees and costs incurred pursuing the third-party complaint against Greenwald would not further the purposes of the Copyright Act. Several reasons support that conclusion.

First, the third-party complaint for indemnification is entirely unrelated to the Copyright Act's purpose of encouraging creation and allowing authors to protect their creative works.  The issues raised in the third-party complaint involve the sale of AWG, the warranties and representations set forth in the stock purchase agreement codifying that sale, and allegations of securities fraud against AWG's former owner.  The factual backdrop overlaps substantially with the related case of *Greenwald v. Holstein*, Case No. 2:15-cv-2451 (filed Nov. 4, 2013), in which Greenwald alleges that Group 3 and CFAA (among other defendants) fraudulently induced him to sell AWG at an artificially-deflated price.  Indeed, Greenwald has suggested that the third-party complaint in this case was filed in retaliation for bringing the *Greenwald v. Holstein* litigation.  Regardless of whether that allegation is true, however, permitting Defendants to recover their fees spent pursuing the third-party complaint for indemnification does not further or

18

advance the purposes of the Copyright Act.

Second, and relatedly, the fees incurred pursuing the third-party complaint are readily distinguishable from the fees incurred defending Liang's copyright action. The subject matter between the two does not overlap. As such, although courts have allowed a party to recover fees under § 505 defending supplemental claims that "involved a common core of facts or [were] based on related legal theories," *Compass Homes, Inc*., 2015 WL 4639654, at *7 (quoting *Dice Corp. v. Bold Techs. Ltd.,* No. 11-CV-13578, 2014 WL 2763618, at *20 (E.D. Mich. June 18, 2014) (internal quotations omitted)), the purpose underlying that proposition does not apply to the third-party complaint.

Third, once the Court granted summary judgment on Liang's copyright claims on the basis that she lacked standing to pursue those claims, the legal basis for the third-party complaint weakened substantially. Defendants moved for summary judgment on the third-party complaint on the ground that Liang's allegations proved that Greenwald breached certain warranties and representations, despite the fact that there was no evidence to that effect. Defendants provided minimal (if any) legal support for their argument that Liang's allegations were sufficient to trigger the stock purchase agreement's indemnification provision. Awarding Defendants their fees for pursuing the third-party complaint, therefore, would essentially reward Defendants for committing the same conduct they accuse Liang of committing. Equitable considerations prevent the Court from sanctioning that result.

The Court accordingly excludes the time Defendants spent pursuing the third-party complaint from the fee award in this case. The following entries, which reference matters pertaining to Greenwald, Greenwald's counsel (Steven Chappelear and the law firm of Peckar &

Abramson, P.C.), and/or the indemnification claim asserted in the third-party complaint shall be excluded:

| Date/Task/Timekeeper/Time | | Rate ($) | Amount Reduced ($) |
|---|---|---|---|
| 01/30/14 | Reviewed Stock Purchase Agreement and prepared memorandum identifying substance of third-party complaint against William Greenwald.<br><br>S.D.Forry                                                   2.30 hrs. | 345 | 793.50 |
| 01/31/14 | Reviewed further legal research regarding third-party claims against Mr. William Greenwald and potential counterclaims against Ms. Liang; reviewed correspondence from Attorney Michael Murtaugh; reviewed legal research regarding obtaining declaratory judgment adverse to Ms.<br><br>Liang; reviewed deposition of Mr. Rezak.<br>A.G.Starkoff                                             5.00 hrs. | 525 | 2625 |
| 02/03/14 | Attention to answer, counterclaim and third party complaint as well as indemnification notice requirement; reviewed memorandum.<br>J.R.Dingledy                                             .60 hrs. | 540 | 324 |
| 02/03/14 | Outlined, prepared, and edited Answers to Complaint on behalf of each of AWG Remarketing, Inc., Columbus Fair Auto Auction, Inc., and Group 3 Auctions, LLC; prepared and edited Third-Party Complaint against William Greenwald to be asserted by Group 3 Auctions, LLC and AWG Remarketing, Inc.; reviewed Stock Purchase Agreement to isolate portions to include in Third Party Complaint.<br>S.D.Forry                                                   7.00 hrs. | 345 | 2415 |
| 02/04/14 | Prepared revisions to indemnity letter; further reviewed Mr. Edward Rezek's deposition transcript and associated documents; researched counterclaims and third party claims; prepared pleadings.<br>A.G.Starkoff                                             2.80 hrs. | 525 | 1470 |
| 02/04/14 | Attention to elements of indemnification; conference regarding same and draft notice of indemnification.<br>J.R.Dingledy                                             .80 hrs. | 540 | 432 |
| 02/05/14 | Attention to factual elements for third party complaint against Mr. Greenwald in copyright case transferred to Ohio.<br>J.R.Dingledy                                             1.20 hrs. | 540 | 648 |
| 02/06/14 | Attention to indemnification claims; reviewed proposed answer and counterclaim.<br>J.R.Dingledy                                             1.10 hrs. | 540 | 594 |
| 02/07/14 | Prepared and further edited Third-Party Complaint against William Greenwald, to add claims for violations of securities laws.<br>S.D.Forry                                                   1.30 hrs. | 345 | 448.50 |

| Date | Description | | |
|---|---|---|---|
| 02/08/14 | Further prepared and edited Third-Party Complaint against William Greenwald.<br>S.D.Forry                                                           1.80 hrs. | 345 | 621 |
| 02/09/14 | Reviewed Third-Party Complaint; prepared outline of response; reviewed correspondence from Attorney Goodman; prepared response.<br>A.G.Starkoff                                              2.00 hrs. | 525 | 1050 |
| 02/10/14 | Prepared response to Attorney Eric Goodman; reviewed and revised Answer and Counterclaim; prepared Third-Party Complaint; prepared outline of response to brief in opposition.<br>A.G.Starkoff                                              4.50 hrs. | 525 | 2362.50 |
| 02/10/14 | Attention to responsive pleadings and potential claims to be included in third party complaint.<br>J.R.Dingledy                                              .90 hrs. | 540 | 486 |
| 02/10/14 | Reviewed correspondence from Plaintiff's counsel regarding his reading of the Complaint and his notice of Rule 11 considerations; conferred regarding ▆▆▆▆▆▆▆▆▆▆; edited Summons and Third Party Complaint.<br>S.D.Forry                                              3.80 hrs. | 345 | 1311 |
| 02/11/14 | Communications with New York process servers to determine selection of most cost efficient company to serve Third-Party Complaint on Third-Party Defendant William Greenwald.<br>V.E.Babbert                                              .50 hrs. | 230 | 115 |
| 02/20/14 | Reviewed Court's preliminary pre-trial order; reviewed status of docket relative to service of Mr. William Greenwald.<br>A.G.Starkoff                                              .80 hrs. | 525 | 420 |
| 02/28/14 | Reviewed motions filed by Plaintiff; further researched additional claims against Mr. Greenwald.<br>A.G.Starkoff                                              1.60 hrs. | 525 | 840 |
| 03/07/14 | Participated in telephone conference with Attorney Steven Chapalier, new counsel for Mr. Greenwald; reviewed stipulation.<br>A.G.Starkoff                                              1.50 hrs. | 525 | 787.50 |
| 03/26/14 | Initially reviewed Third-Party Defendant Greenwald's motion to dismiss for purposes of preparing a response to same.<br>S.D.Forry                                              1.30 hrs. | 345 | 448.50 |
| 03/27/14 | Initially considered response to Third Party Defendant's Motion to Dismiss; reviewed Plaintiff Liang's motion for protective order filed in California state court lawsuit for purposes of identifying issues raised therein that assist the question of legal "standing" in the copyright case.<br>S.D.Forry                                              2.00 hrs. | 345 | 690 |
| 03/27/14 | Reviewed Motion to Dismiss filed by Mr. Greenwald and prepared comments; reviewed copyright filings.<br>A.G.Starkoff                                              2.80 hrs. | 525 | 1470 |

| Date | Description | | |
|---|---|---|---|
| 03/28/14 | Prepared outline of response to motion to dismiss; attended to copyright registration detailed information.<br>A.G.Starkoff 3.30 hrs. | 525 | 1732.50 |
| 03/31/14 | Prepared and edited Initial Disclosures and circulated for comment; prepared and edited document requests to Plaintiff Liang on the issue of legal standing; initially reviewed Third Party Defendant Greenwald's motion to dismiss for purposes of preparing a response to same.<br>S.D.Forry 4.50 hrs. | 345 | 1552.50 |
| 04/01/14 | Prepared response to Motion to Dismiss; reviewed information regarding Mr. Edward Rezek; prepared outline of questions for Mr. Edward Rezek.<br>A.G.Starkoff 3.00 hrs. | 525 | 1575 |
| 04/01/14 | Prepared outline for opposition to Third-Party Defendant Greenwald's motion to dismiss; conferred regarding same; finalized Initial Disclosures and circulated same; reviewed opposing counsel's Initial Disclosures.<br>S.D.Forry 2.80 hrs. | 345 | 966 |
| 04/01/14 | Attention to copyright claims of ARX/Liang in light of Rezek's position he created but did not transfer copyright to ARX as he was a non-work for hire independent contractor; review all ARX webpages yet active on the web; attention to strategy for response to Greenwald's motion to dismiss indemnification complaint.<br>J.R.Dingledy 2.00 hrs. | 540 | 1080 |
| 04/08/14 | Reviewed provisions of Stock Purchase Agreement for consideration of potential settlement issues; prepared outline for initial draft of opposition to William Greenwald Motion to Dismiss; reviewed video deposition of plaintiff Liang from California lawsuit; prepared draft statement of facts and legal arguments sections for opposition to Greenwald Motion to Dismiss.<br>S.D.Forry 4.80 hrs. | 345 | 1656 |
| 04/09/14 | Prepared initial sections of memorandum in opposition to William Greenwald Motion to Dismiss; conferred regarding<br>S.D.Forry 4.00 hrs. | 345 | 1380 |
| 04/13/14 | Further prepared and edited all sections of memorandum in opposition to William Greenwald motion to dismiss the Third-Party Complaint; performed legal research regarding personal jurisdiction and other issues involved in motion to dismiss.<br>S.D.Forry 7.00 hrs. | 345 | 2415 |
| 04/24/14 | Reviewed William Greenwald's Reply Memorandum in Support of Motion to Dismiss Third-Party Complaint.<br>S.D.Forry .30 hrs. | 345 | 103.50 |
| 05/08/14 | Attention to license granted to Rezek's company by Billy Greenwald and option to purchase AWG; conference regarding<br>J.R.Dingledy 1.00 hrs. | 540 | 540 |
| 08/05/14 | Attention to risks with respect to additional third party claims against Greenwald by AWG; correspondence with Ben Berger regarding same; conference regarding attention to objection to request for statement of decision received from Mike Murtaugh; attention to objection to statement of decision filed by Liang.<br>J.R.Dingledy 1.50 hrs. | 540 | 810 |

| | | | |
|---|---|---|---|
| 08/11/14 | Attention to obtaining and reviewing final order and decision in the Liang case as it relates to the copyright litigation; correspondence with Mike Murtaugh and Ben Berger regarding same; conference regarding ████████████████████████ attention to additional third party claims against Greenwald that can be brought in the copyright litigation; attention to additional grounds to disqualify Peckar firm based upon AWG claims in copyright case.<br>J.R.Dingledy                                                                                      1.50 hrs. | 540 | 810 |
| 11/13/14 | Reviewed plaintiff's counsel's proposed joint motion to dismiss plaintiff's Counts 4 and 5 in lieu of a judgment on defendants' motion for judgment on the pleadings; reviewed defendants' Third Party Complaint against William Greenwald to confirm those claims are not prejudiced by the proposed joint motion.<br>S.D.Forry                                                                                          .50 hrs. | 345 | 172.50 |
| 11/17/14 | Reviewed correspondence from Attorney Steven Chappelear; drafted changes to Entry; participated in telephone conferences with Attorney Tiffany Miller.<br>A.G.Starkoff                                                                                    2.00 hrs. | 525 | 1050 |
| 11/19/14 | Attention to issues raised by Ben Berger regarding claims of AWG against Greenwald; conference and correspondence regarding ████████<br>J.R.Dingledy                                                                                    1.00 hrs. | 540 | 540 |
| 11/21/14 | Group 3 Auctions-Copyright Attention to litigation issues raised by Ben Berger; conferences regarding ████████ correspondence with Devin Murtaugh regarding litigation status.<br>J.R.Dingledy                                                                                    1.20 hrs. | 540 | 648 |
| 11/26/14 | Reviewed correspondence from Attorney Steve Chappelear; prepared correspondence to Attorney Tiffany Miller.<br>A.G.Starkoff                                                                                      .30 hrs. | 525 | 157.50 |
| 12/01/14 | Prepared response to Attorney Stephen Chappelear; reviewed correspondence from Attorney Kenneth Ohashi; researched jurisdictional issues as related to Mr. William Bonnaud.<br>A.G.Starkoff                                                                                    1.20 hrs. | 525 | 630 |
| 01/05/15 | Prepared and edited outline for deposition of Plaintiff Liang; reviewed and summarized court decision denying William Greenwald's motion to dismiss for lack of personal jurisdiction and for failure to state a claim for relief.<br>S.D.Forry                                                                                          4.80 hrs. | 365 | 1752 |
| 01/21/15 | Reviewed correspondence from Attorney Stephen Chappelear; prepared revised discovery plan including scheduling of depositions.<br>A.G.Starkoff                                                                                      .50 hrs. | 550 | 275 |
| 01/21/15 | Reviewed Answer filed by Third-Party Defendant Greenwald; prepared and filed motion to extend deadline regarding partial summary judgment.<br>S.D.Forry                                                                                          .50 hrs. | 365 | 182.50 |
| 02/13/15 | Attention to pro hoc motion by New Jersey firm lawyers; correspondence regarding same.<br>J.R.Dingledy                                                                                      .40 hrs. | 550 | 220 |

| Date | Description | | |
|---|---|---|---|
| 02/17/15 | Searched for an English-Mandarin Chinese interpreter for deposition of plaintiff Liang on February 26, 2015; conferred with Jay Dingledy, Esq. and Ben Berger, Esq. regarding potential claims for AWG Remarketing, Inc. to assert against William Greenwald; fully reviewed New Jersey litigation filings relating to disqualification of Peckar and Abramson for purposes of pulling all excerpts useful in blocking Peckar and Abramson from being admitted pro hac vice in this litigation; edited opposition brief to the motion for admission pro hac vice.<br>S.D.Forry          7.00 hrs. | 365 | 2555 |
| 02/17/15 | Attention to opposition to pro hoc admission of Greenwald counsel; conference with Mr. Ben Berger regarding his inquiry regarding potential additional Greenwald claims and additional conflict of interest information; further conference regarding ▮▮▮▮▮▮<br>J.R.Dingledy          1.60 hrs. | 550 | 880 |
| 02/18/15 | Finalized interpreter for February 26, 2015 deposition of plaintiff Liang; reviewed William Bonnaud's reply memorandum supporting motion to dismiss for lack of personal jurisdiction; further edited opposition to Peckar and Abramson's motion for admission to represent William Greenwald.<br>S.D.Forry          2.80 hrs. | 365 | 1022 |
| 02/19/15 | Finalized opposition to Peckar and Abramson motion for admission pro hac vice; collected all exhibits for same for filing.<br>S.D.Forry          1.80 hrs. | 365 | 657 |
| 02/19/15 | Attention to opposition to pro hoc by New Jersey firm; conference regarding ▮▮▮▮▮<br>J.R.Dingledy          .70 hrs. | 550 | 385 |
| 03/09/15 | Reviewed plaintiff's first sets of discovery to each defendant in detail, for purposes of determining how to respond to same; prepared notes regarding answers to requests; reviewed transcript of plaintiff's deposition to identify excerpts to cite in motion for summary judgment on issue of standing; reviewed Greenwald's reply memorandum in support of motion for admission pro hac vice; conferred with paralegal Lynn Cory on ▮▮▮▮▮▮<br>S.D.Forry          4.00 hrs. | 365 | 1460 |
| 03/09/15 | Attention to transcript of Liang deposition; attention to Peckar firm's response to objection to pro hoc application.<br>J.R.Dingledy          .80 hrs. | 550 | 440 |
| 03/09/15 | Reviewed transcript of Ms. Liang's deposition; reviewed Memo in Opposition filed by the Peckar law firm.<br>A.G.Starkoff          1.80 hrs. | 550 | 990 |
| 03/10/15 | Prepared response to memorandum in support of pro hac vice admission; reviewed status of California Appellate Brief.<br>A.G.Starkoff          1.50 hrs. | 550 | 825 |
| 03/23/15 | Reviewed correspondence from Attorney Stephen Chappelear regarding additional discovery; reviewed discovery documents in California case.<br>A.G.Starkoff          1.30 hrs. | 550 | 715 |
| 04/02/15 | Reviewed Court's decision granting Peckar and Abramson lawyers' admission pro hac vice; finalized and filed Motion for Reconsideration and Opposition to Motion for Extension of Time to Oppose Motion for Partial Summary Judgment.<br>S.D.Forry          .80 hrs. | 365 | 292 |
| 04/07/15 | Attention to reconsideration issue involving pro hoc admission; conference regarding ▮▮▮▮<br>J.R.Dingledy          .50 hrs. | 550 | 275 |

| | | | |
|---|---|---|---|
| 04/09/15 | Reviewed discovery requests from Third-Party Defendant William Greenwald; researched information related to stock purchase transaction; began drafting answers to interrogatories and responses to the discovery requests.<br><br>L.E.Cory · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · 1.70 hrs. | 240 | 408 |
| 04/09/15 | Edited motion for summary judgment on issue of attorney-client privilege; initially reviewed discovery requests from Third-Party Defendant Greenwald for purposes of preparing answers to same.; further analyzed question of whether the AWG Remarketing, Inc. license agreement with Palaris, Inc. has any impact on the pending motion for summary judgment on the issue of Plaintiff's standing.<br><br>S.D.Forry · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · 4.00 hrs. | 365 | 1460 |
| 04/13/15 | Reviewed Third-Party Defendant William Greenwald's discovery requests to clients and prepared notes for responding to same; prepared and edited Reply Memorandum in support of Motion for Reconsideration of Court's order granting Plaintiff additional time to respond to summary judgment motion.<br><br>S.D.Forry · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · 5.80 hrs. | 365 | 2117 |
| 04/13/15 | Attention to correspondence with Ben Berger regarding Billy Greenwald.<br><br>J.R.Dingledy · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · .20 hrs. | 550 | 110 |
| 04/14/15 | Reviewed American Express invoices from Billy Greenwald; reviewed memorandum supporting opposition to discovery extension; reviewed status of California Appellate action.<br><br>A.G.Starkoff · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · 1.50 hrs. | 550 | 825 |
| 04/14/15 | Finalized preparation of draft responses to discovery requests from Third-Party Defendant; reviewed responses provided to Plaintiff in response to request for documents; reviewed documents from e-mail boxes collected to determine whether documents exist which are responsive to the discovery requests; conferences regarding ▮▮▮▮▮▮▮▮<br><br>L.E.Cory · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · 5.00 hrs. | 240 | 1200 |
| 04/15/15 | Compiled documents responsive to discovery requests for review prior to production of same.<br><br>L.E.Cory · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · 1.40 hrs. | 240 | 336 |
| 04/15/15 | Edited Group 3 Auctions, LLC's and AWG Remarketing, Inc.'s responses to Greenwald's discovery requests.<br><br>S.D.Forry · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · 2.50 hrs. | 365 | 912.50 |
| 04/16/15 | Reviewed Third-Party Defendant Mr. Greenwald's admissions forwarded to Ms. Liang; reviewed motion to strike.<br><br>A.G.Starkoff · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · 1.50 hrs. | 550 | 825 |
| 04/17/15 | Reviewed notations by Steven Forry regarding documents to be produced; began final review of documents for production, including preparation of redactions on documents containing proprietary information.<br><br>L.E.Cory · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · .70 hrs. | 240 | 168 |
| 04/18/15 | Finalized AWG Remarketing, Inc.'s and Group 3 Auctions, LLC's responses to Third-Party Defendant Greenwald's discovery requests.<br><br>S.D.Forry · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · 1.30 hrs. | 365 | 474.50 |
| 04/20/15 | Made final review of documents to be produced, including designating certain documents as Confidential.<br><br>L.E.Cory · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · 1.20 hrs. | 240 | 288 |
| 04/21/15 | Conferences with vendor and e-mailed instructions for preparing supplemental production of documents.<br><br>L.E.Cory · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · .30 hrs. | 240 | 72 |

| | | | | |
|---|---|---|---|---|
| 04/22/15 | Reviewed documents prepared by vendor for production; attended to corrections needed to production.<br>L.E.Cory                                                                    .60 hrs. | 240 | 144 |
| 04/24/15 | Reviewed documents to be produced and prepared additional redactions to same; conferences with vendor regarding reprocessing production.<br>L.E.Cory                            .40 hrs. | 240 | 96 |
| 05/01/15 | Reviewed and revised Memorandum in Opposition to Motion to Strike Liang Transcript and Video; met with Mr. Steve Forry █████████████ reviewed deposition notices filed by Attorney Stephen Chappelear.<br>A.G.Starkoff                          2.30 hrs. | 550 | 1265 |
| 05/04/15 | Drafted motion for protective order to prevent Greenwald from propounding discovery from Defendants in violation of the stay imposed in the New Jersey Action.<br><br>D. Culicover                          4.40 hrs. | 240 | 1056 |
| 05/06/15 | Researched and compiled additional documents to be produced to Third Party Defendant Greenwald.<br>L.E.Cory                          .30 hrs. | 240 | 72 |
| 05/06/15 | Drafted motion for protective order to prevent Greenwald from propounding discovery on certain topics in violation of the New Jersey Action's stay order.<br>D. Culicover                          .30 hrs. | 240 | 72 |
| 05/06/15 | Critically reviewed Rider to Subpoena to Marc Holstein to identify objectionable topics; conferred with counsel for William Greenwald regarding their agreement to limit questions at Holstein deposition to what is relevant in this case; finalized and filed Memorandum in Opposition to Motion to Strike Deposition filed by Plaintiff; analyzed question regarding whether █████████████████████████████ communicated with opposing counsel to forward copies of Verification pages relative to answers to Plaintiff's First Set of Interrogatories.<br>S.D.Forry                          4.50 hrs. | 365 | 1642.50 |
| 05/07/15 | Analyzed Third-Party Defendant Greenwald's letter response to our request that he limit discovery at the Holstein deposition to what is relevant to this case; researched Federal Rule of Civil Procedure 26 and grounds to object to topics at a third party deposition.<br>S.D.Forry                          2.00 hrs. | 365 | 730 |
| 05/07/15 | Reviewed correspondence from Attorney O'Connor; reviewed additional documents in preparation for status conference.<br>A.G.Starkoff                          1.70 hrs. | 550 | 935 |
| 05/08/15 | Prepared chart of outstanding agenda items for team consideration; prepared notes and outline of talking points for discovery conference with Magistrate Judge relative to the scope of the deposition of Marc Holstein; finished editing AWG Remarketing, Inc.'s and Group 3's answers to Greenwald's discovery requests; finalized supplemental document production to Plaintiff's discovery requests; prepared for and participated in discovery conference call with Magistrate Judge regarding scope of Holstein deposition and regarding Plaintiff's request to extend the time to produce expert reports.<br>S.D.Forry                          6.80 hrs. | 365 | 2482 |
| 05/11/15 | Exchanged correspondence with counsel for Third-Party Defendant Greenwald relative to depositions of Sivashanker Sangarapillai and representatives of Group 3 Auctions, LLC and AWG Remarketing, Inc.; conferred and analyzed ████████████<br>S.D.Forry                          2.00 hrs. | 365 | 730 |
| 05/11/15 | Confirmed notice given to Greenwald not previously produced; redacted statements for legal services to be produced; prepared additional documents to be produced to counsel for Greenwald.<br>L.E.Cory                          1.80 hrs. | 240 | 432 |

| Date | Description | Rate | Amount |
|---|---|---|---|
| 05/12/15 | Reviewed correspondence from Attorney O'Connor; attention to settlement week scheduling; reviewed outstanding issues for Mr. Keith Whann.<br>A.G.Starkoff                                              1.00 hrs. | 550 | 550 |
| 05/13/15 | Conferred with Keith Whann, Esq. regarding ▮▮▮▮▮▮▮ prepared list of action items for Mr. Whann; coordinated and finalized discovery responses to Third-Party Defendant Greenwald.<br>S.D.Forry                                                 2.80 hrs. | 365 | 1022 |
| 05/15/15 | Attention to issues for motion for summary judgment; conference regarding same; attention to Rezek's deposition transcript; attention to Rule 11 letter from Billy Greenwald's counsel.<br>J.R.Dingledy                                           1.50 hrs. | 550 | 825 |
| 05/18/15 | Reviewed correspondence from Attorneys Halai Hashimi and Kevin O'Connor; reviewed discovery for Liang.<br>A.G.Starkoff                                               .70 hrs. | 550 | 385 |
| 05/19/15 | Prepared for discovery conference call with Third-Party Defendants' counsel; transmitted correspondence to Third Party Defendants' counsel after they failed to call me; reviewed documents produced by Third Party Defendants; conferred regarding ▮▮▮▮▮ finalized motion for partial summary judgment on behalf of Columbus Fair Auto Auction, inc.<br>S.D.Forry                                                  4.50 hrs. | 365 | 1642.50 |
| 05/19/15 | Reviewed and revised Motion for Summary Judgment; reviewed discovery issues raised by Mr. Greenwald's counsel.<br>A.G.Starkoff                                             2.70 hrs. | 550 | 1485 |
| 05/20/15 | Researched enforceability of a stipulation by counsel given during a deposition for purposes of determining whether a formal evidentiary stipulation is necessary; prepared draft Stipulation for plaintiff's counsel to the effect that Bill Bonnaud did not author any of the registered copyright applications relating to computer code; prepared letter responding to Third-Party Defendant's counsel's Rule 11 letter; prepared a rider to the stipulated protective order for Third-Party Defendant's signature; analyzed whether to seek invalidity of Plaintiff's attorney-client privilege with Eric Goodman through a motion for partial summary judgment or a general motion for an order relating to discovery.<br>S.D.Forry                                                 4.30 hrs. | 365 | 1569.50 |
| 05/26/15 | Reviewed documents received from William Greenwald; reviewed native files produced and provided same to Steven Forry; organized documents produced and prepared documents for uploading to document database.<br>L.E.Cory                                                    .80 hrs. | 240 | 192 |
| 05/26/15 | Reviewed memorandum in opposition to summary judgment motion; reviewed response to admissions from Mr. Greenwald.<br>A.G.Starkoff                                             2.00 hrs. | 550 | 1100 |
| 06/10/15 | Further prepared and edited memorandum in opposition to Greenwald's motion to compel discovery; finalized memorandum in opposition to Liang's motion for extension of time to respond to Columbus Fair Auto Auction, Inc.'s motion for summary judgment.<br>S.D.Forry                                                 6.30 hrs. | 365 | 2299.50 |
| 06/13/15 | Further edited and prepared memorandum in opposition to Third-Party Defendant Greenwald's motion to compel discovery, including adding references to record citations and evidence.<br>S.D.Forry                                                 3.50 hrs. | 365 | 1277.50 |
| 06/15/15 | Reviewed AWG Group 3 memo in opposition to Mr. Greenwald's motion to compel discovery.<br>A.G.Starkoff                                             1.70 hrs. | 550 | 935 |

| Date | Description | | |
|---|---|---|---|
| 06/15/15 | Conferred regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ prepared Declaration of Steven Forry to support Opposition brief, prepared list of priority items in the litigation." <br> S.D.Forry         3.00 hrs. | 365 | 1095 |
| 06/18/15 | Attention to correspondence with Ben Berger regarding Bill Greenwald; conference regarding same. <br> J.R.Dingledy       .30 hrs. | 550 | 165 |
| 06/23/15 | Reviewed additional documents produced by Mr. Siv Sangarapillai; reviewed correspondence from Attorneys Kevin O'Connor and Paul Tauger; prepared strategy for obtaining summary judgment; reviewed Appellant's brief filed by Liang in the California action. <br> A.G.Starkoff       3.50 hrs. | 550 | 1925 |
| 06/25/15 | Attention to Greenwald/Siv matters; conferences regarding same. <br> J.R.Dingledy       1.00 hrs. | 550 | 550 |
| 07/01/15 | Analyzed Plaintiff's opposition brief to Motion for Judgment on the Pleadings regarding damages and attorney's fees, and initially organized content of reply memorandum; initially reviewed Third-Party Defendant Greenwald's motion to consolidate his New Jersey lawsuit with the Copyright lawsuit and organized thoughts regarding response to same; initially reviewed Third-Party Defendant Greenwald's motion for protective order regarding depositions and organized response to same. <br> S.D.Forry       2.50 hrs. | 365 | 912.50 |
| 07/01/15 | Attention to ongoing discovery issues between Greenwald and Liang in copyright litigation; conference regarding same. <br> J.R.Dingledy       .80 hrs. | 550 | 440 |
| 07/01/15 | Reviewed and considered Third-Party Defendant Greenwald's motion to consolidate cases and motion for a protective order. <br> T. Earl LeVere       .50 hrs. | 440 | 220 |
| 07/07/15 | Edited reply memorandum in further support of motion for judgment on the pleadings relating to attorney's fees and statutory damages; prepared notices of deposition for William Greenwald and William Bonnaud. <br> S.D.Forry       1.80 hrs. | 365 | 657 |
| 07/08/15 | Drafted motion for reconsideration of the Court's order to consolidate the AWG case with the Greenwald case from New Jersey. <br> D. Culicover       2.60 hrs. | 240 | 624 |
| 07/08/15 | Conferred with Court's law clerk regarding opportunity to oppose consolidation requested by Greenwald's counsel; reviewed documents from Liang; exchanged correspondence with Greenwald's counsel relating to status of deposition of Greenwald. <br> S.D.Forry       1.00 hrs. | 365 | 365 |
| 07/09/15 | Drafted and edited motion for reconsideration relating to Plaintiff and third-party defendant's motions to consolidate the Ohio case with the New Jersey case; argued that the motion was improperly granted because consolidating the two cases will not serve judicial economy or efficiency. <br> D. Culicover       5.70 hrs. | 240 | 1368 |
| 07/10/15 | Attention to motion for reconsideration of the consolidation; conference regarding same. <br> J.R.Dingledy       .70 hrs. | 550 | 385 |
| 07/20/15 | Reviewed and revised memorandum in opposition to motion for protective order; reviewed cross-motions filed by Messrs. Greenwald, Bonnaud and Liang. <br> A.G.Starkoff       1.50 hrs. | 550 | 825 |

| | | | |
|---|---|---|---|
| 07/20/15 | Prepared and finalized memorandum in opposition to Greenwald's Motion for Protective Order and to Stay Discovery; prepared and finalized declaration of Steven Forry and accompanying exhibits to support same.<br>S.D.Forry 5.50 hrs. | 365 | 2007.50 |
| 07/21/15 | Reviewed new filings by Plaintiff Liang, including a motion for protective order and response to our motion to compel and for declaration that Plaintiff waived her attorney-client privilege; reviewed new motion for protective order filed by William Bonnaud; edited and finalized memorandum in opposition to Third-Party Defendant Greenwald's motion for protective order and to stay discovery; reviewed Plaintiff Liang's motion for extension of time to respond to Columbus Fair Auto Auction, Inc.'s motion for summary judgment and prepared and edited a memorandum opposing same.<br>S.D.Forry 5.50 hrs. | 365 | 2007.50 |
| 07/27/15 | Attended to rescheduling depositions; prepared for status conference with Judge King; reviewed correspondence from Attorneys Paul Tauger and Kevin O'Connor; reviewed substance of Mr. Bonnaud's testimony as it relates to Greenwald litigation.<br>A.G.Starkoff 2.00 hrs. | 550 | 1100 |
| 07/31/15 | Reviewed order denying Greenwald's motion to compel to determine which of Greenwald's interrogatories Defendants were required to comply with; determined that the Court only required Defendants to produce the names of Group 3's members.<br>D. Culicover .40 hrs. | 240 | 96 |
| 07/31/15 | Reviewed and considered Court's Order granting in part and denying in part Greenwald's motion to compel discovery.<br>T. Earl LeVere .30 hrs. | 440 | 132 |
| 08/05/15 | Reviewed documents produced at Mr. Keith Whann's deposition; further reviewed third-party motion for summary judgment filed by Mr. Greenwald.<br>A.G.Starkoff 2.00 hrs. | 550 | 1100 |
| 08/05/15 | Reviewed and analyzed motion for summary judgment filed by Greenwald against AWG's third-party complaint; began outlining a response to Greenwald's motion for summary judgment.<br>D. Culicover 3.90 hrs. | 240 | 936 |
| 08/05/15 | Analyzed and organized notes regarding Greenwald's motion for summary judgment on third-pa rty complaint.<br>S.D.Forry 1.00 hrs. | 365 | 365 |
| 08/06/15 | Prepared response to Mr. Greenwald's motion for summary judgment; reviewed Liang motion to compel further responses from AWG and Group 3; reviewed motion for leave to file sur-reply; prepared outline o           f response.<br>A.G.Starkoff 4.00 hrs. | 550 | 2200 |
| 08/06/15 | Analyzed Greenwald's Motion for Summary Judgment; reviewed Liang's Motion to Compel Discovery and prepared notes and outline for opposition to same; prepared and edited opposition to Liang's Motion to Compel.<br>S.D.Forry 5.00 hrs. | 365 | 1825 |
| 08/11/15 | Began creating list of false statements in Greenwald's Motion for Summary Judgment against AWG's third-party complaint.<br>D. Culicover 1.20 hrs. | 240 | 288 |
| 08/11/15 | Further reviewed and prepared notes regarding Greenwald's Motion for Summary Judgment on Third-Party Complaint.<br>S.D.Forry 1.50 hrs. | 365 | 547.50 |
| 08/17/15 | Attention to response to Greenwald's counsel covering proposed amended complaint.<br>J.R.Dingledy .50 hrs. | 550 | 275 |

| | | | |
|---|---|---|---|
| 08/19/15 | Analyzed repercussions of Court's Order granting summary judgment against Liang's copyright infringement claims, including repercussions on third-party complaint against Greenwald and timeline for seeking attorneys' fees and costs recovery from Liang.<br>S.D.Forry .50 hrs. | 365 | 182.50 |
| 08/20/15 | Completed analysis of outline for opposition to Greenwald's Motion for Summary Judgment regarding Third Party Complaint; reviewed citations to deposition transcripts in the Motion for purposes of determining accuracy of same.<br>S.D.Forry 1.80 hrs. | 365 | 657 |
| 08/22/15 | Read cases Greenwald cited in his motion for summary judgment on the third-party complaint; researched the elements for a claim of securities fraud under Ohio law and under federal Sixth Circuit law, and the elements for a breach of a warranty contained in a stock purchase agreement to use in response to Greenwald's motion for summary judgment.<br>D. Culicover 2.00 hrs. | 240 | 480 |
| 08/23/15 | Drafted response in opposition to Greenwald's motion for summary judgment on the third-party complaint.<br>D. Culicover 6.00 hrs. | 240 | 1440 |
| 08/24/15 | Continued drafting and editing response in opposition to Greenwald's motion for summary judgment.<br>D. Culicover 2.30 hrs. | 240 | 552 |
| 08/25/15 | Further edited Motion for Summary Judgment regarding Third-Party Complaint and Opposition to Greenwald's Motion for Summary Judgment; performed legal research of Sixth Circuit law regarding the requisite notice for Rule 11 purposes; analyzed propriety of dismissing declaratory judgment Counterclaims in light of pending discovery motion to compel AWG source code.<br>S.D.Forry 5.80 hrs. | 365 | 2117 |
| 08/26/15 | Edited and drafted Motion for Summary Judgment on Counts I and II of Third Party Complaint; researched Ohio law regarding burden of proof regarding securities law claims for purposes of determining whether to seek summary judgment on those Counts; edited Memorandum in Opposition to Greenwald's Motion for Summary Judgment; edited record citations.<br>S.D.Forry 11.80 hrs. | 365 | 4307 |
| 08/26/15 | Researched whether New York law and Ohio law were the same regarding breaches of a warranty in stock purchase agreement.<br>D. Culicover 2.30 hrs. | 240 | 552 |
| 08/26/15 | Reviewed order regarding oral hearing; reviewed documents regarding indemnity claim.<br>A.G.Starkoff 1.30 hrs. | 550 | 715 |
| 08/27/15 | Reviewed and revised memo in opposition to third-party motion for summary judgment and request for summary judgment on counts I and II.<br>A.G.Starkoff 2.80 hrs. | 550 | 1540 |
| 08/27/15 | Drafted declaration for Steve Forry in support of motion for summary judgment in Greenwald case; collected exhibits for motion for summary judgment; checked citations for motion for summary judgment; drafted table of contents and table of authorities for motion for summary judgment.<br>D. Culicover 5.40 hrs. | 240 | 1296 |
| 08/27/15 | Further edited and finalized Motion for Partial Summary Judgment on Third Party Complaint and Memorandum in Opposition to Greenwald's Motion for Summary Judgment; edited and finalized all record citations; prepared brief for filing and filed same.<br>S.D.Forry 5.50 hrs. | 365 | 2007.50 |
| 08/27/15 | Attention to motion for partial summary judgment on counts and opposition to Greenwald's motion for summary judgment; conference regarding ▇▇▇▇▇▇▇▇▇▇<br>J.R.Dingledy .60 hrs. | 550 | 330 |

| Date | Description | | |
|---|---|---|---|
| 08/28/15 | Initially reviewed Greenwald's combined Reply Memorandum supporting his Motion for Partial Summary Judgment on Third Party Complaint and Opposition to AWG Remarketing, Inc.'s and Group 3 Auctions, LLC's Motion for Partial Summary Judgment on Counts I and II of Third-Party Complaint.<br>S.D.Forry                                                2.00 hrs. | 365 | 730 |
| 08/28/15 | Reviewed Greenwald's response and prepared reply.<br>A.G.Starkoff                                                2.00 hrs. | 550 | 1100 |
| 08/28/15 | Read Greenwald's response to AWG and Group 3's motion for summary judgment.<br>D. Culicover                                                1.00 hrs. | 240 | 240 |
| 08/31/15 | Finished reviewing Greenwald's reply in support of his motion for summary judgment; began drafting outline for reply brief in support of motion for summary judgment on Counts I and II of the Third-Party Complaint; drafted summary of Greenwald's response/reply to our summary judgment motion.<br>D. Culicover                                                1.90 hrs. | 240 | 456 |
| 09/01/15 | Prepared responses to motion filed by Mr. Greenwald.<br>A.G.Starkoff                                                1.50 hrs. | 550 | 825 |
| 09/01/15 | Prepared notes for motion to amend Counterclaims; analyzed status of case in light of recent communications from counsel; further prepared notes regarding reply memorandum supporting motion for summary judgment on Greenwald's Third-Party Complaint.<br>S.D.Forry                                                1.30 hrs. | 365 | 474.50 |
| 09/02/15 | Prepared notes and outline for reply memorandum supporting motion for summary judgment on two counts of the Third-Party Complaint.<br>S.D.Forry                                                2.30 hrs. | 365 | 839.50 |
| 09/04/15 | Drafted Reply in support of Motion for Summary Judgment on Counts I and II of the Greenwald Third-Party Complaint.<br>D. Culicover                                                7.30 hrs. | 240 | 1752 |
| 09/04/15 | Prepared reply memorandum.<br>A.G.Starkoff                                                .80 hrs. | 550 | 440 |
| 09/06/15 | Prepared and edited Joint Defense and Joint Representation Agreement for clients; edited reply memorandum in further support of motion for partial summary judgment on Counts I and II of Third-Party Complaint.<br>S.D.Forry                                                4.80 hrs. | 365 | 1752 |
| 09/07/15 | Finalized reply memorandum supporting motion for partial summary judgment on Counts I and II of Third Party Complaint.<br>S.D.Forry                                                1.00 hrs. | 365 | 365 |
| 09/08/15 | Finalized reply memorandum in support of motion for summary judgment on Counts I and II of Third-Party Complaint.<br>S.D.Forry                                                .30 hrs. | 365 | 109.50 |
| 09/08/15 | Prepared revisions to memorandum in support of summary judgment with reference to third-party complaint; reviewed and revised joint defense agreement.<br>A.G.Starkoff                                                1.50 hrs. | 550 | 825 |
| **Total** | | | **$131,726.50** |

Although some of these entries include time spent defending the copyright claims in

addition to pursuing the third-party complaint, Defendants bore the burden of demonstrating that all time was related to their defense of Liang's copyright claims.  They failed to meet that burden by failing to delineate the above entries.  The Court accordingly will exclude those entries in their entirety from the fee award.

### 2. *Counterclaims, Related Case, Miscellaneous Entries*

Unlike the third-party complaint, Defendants' counterclaims relate to the same common core of facts and legal theories as Liang's copyright claims.  Very few of the time entries Defendants submitted relate to the counterclaims alone.  Liang's counsel asserted at oral argument that the abuse of process counterclaim was not reasonably related to defending the copyright claims; however, the abuse of process claim overlaps almost entirely with the Rule 11 arguments Defendants made throughout this litigation and with the present request for attorney's fees and costs.

Because the subject matter of the copyright claims (including Liang's actions in bringing these claims) and the counterclaims relate to the same common core of facts, the Court will not reduce the award to exclude any fees and costs incurred pursuing Defendants' counterclaims. The Court agrees with Mr. Carpenter, however, that any fees and costs spent defending the related litigation of *Greenwald v. Holstein* must be excluded from the fee award.  The following entries shall be excluded from the fees set forth in the invoices Defendants presented at the hearing:

| Date | Timekeeper | Task | Amount Billed | Amount Reduced | Reason For Reduction |
|------|-----------|------|---------------|----------------|----------------------|
| 6/8/15 | A.G. Starkoff | Conducted legal research regarding stay of discovery under the Private Securities Litigation Reform Act. | 0.80 hours @ $550 = $440 | $440 | Task pertained to NJ Action[1] |
| 8/3/15 | A.G. Starkoff | Prepared for and participated in Rule 26(f) conference; reviewed reply brief; reviewed motion for summary judgment filed by Mr. Greenwald; prepared revisions to supplemental filing. | 3.00 hours @ $550 = $1,650 | $550 (Reduced By 1 Hour) | Time relating to Rule 26(f) conference pertained to NJ Action |
| 8/4/15 | A.G. Starkoff | Reviewed revised 26(f) report; reviewed numerous emails from Attorneys Benjamin Berger and Kevin O'Connor. | 1.50 hours @ $550 = $825 | $825 | Task pertained to NJ Action |
| 8/10/15 | A.G. Starkoff | Prepared for preliminary pre-trial conference. | 0.70 hours @ $550 = $385 | $385 | Task pertained to NJ Action |
| 8/11/15 | D. Culicover | Met with Steve Forry to discuss [REDACTED] began drafting reply in support of motion to dismiss. | 2.20 hours @ $240 = $528 | $528 | Task pertained to NJ Action |
| 8/17/15 | A.G. Starkoff | Reviewed decision of Court regarding standing; reviewed motion to amend filed by Mr. Greenwald; reviewed status of California appellate action | 3.00 hours @ $550 = $1,650 | $550 (Reduced By 1 Hour) | Review of motion to amend pertained to NJ Action |
| **TOTAL FEE REDUCTIONS** | | | | **7.2 Hours/$3,278** | |

Additionally, the following entries shall be excluded from the fee award. These entries either are not related to the defense of Liang's copyright claims, or the Court is unable to determine the subject matter to which the time entries relate. Defendants therefore failed to meet their burden with regard to the following requested fees:

| Date/Task/Timekeeper/Time | | Rate ($) | Amount Reduced ($) |
|---------------------------|--|----------|--------------------|
| 04/14/14 | Reviewed draft offer letter and prepared revisions. A.G.Starkoff .70 hrs. | 525 | 367.50 |

| Date | Description | Rate | Amount |
|---|---|---|---|
| 04/14/14 | Reviewed Attorney Michael Murtaugh's demand for settlement; prepared response to global settlement demand and analysis of value of Access Aviation.<br>A.G.Starkoff                                    1.80 hrs. | 525 | 945 |
| 04/15/14 | Conferred regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>S.D.Forry                                    .50 hrs. | 345 | 172.50 |
| 04/15/14 | Reviewed brief in response to Rule 12(B) Motion; reviewed stock transfer documents as related to Access Aviation.<br>A.G.Starkoff                                    2.50 hrs. | 525 | 1312.50 |
| 04/15/14 | Reviewed Court Order; reviewed correspondence to Attorney Michael Murtaugh; reviewed correspondence from Attorney Michael Murtaugh.<br>A.G.Starkoff                                    .50 hrs. | 525 | 262.50 |
| 04/16/14 | Prepared modifications to Motion to Dismiss; reviewed deposition of expert witness Robert Plante.<br>A.G.Starkoff                                    3.50 hrs. | 525 | 1837.50 |
| 04/17/14 | Further reviewed deposition and exhibits of Mr. Robert Plante; reviewed deposition of Ms. Becca Woodham.<br>A.G.Starkoff                                    3.00 hrs. | 525 | 1575 |
| 04/17/14 | Conferred with counsel regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>S.D.Forry                                    .50 hrs. | 345 | 172.50 |
| 04/18/14 | Reviewed exhibits to Mr. Robert Plante's deposition and prepared issues list.<br>A.G.Starkoff                                    2.00 hrs. | 525 | 1050 |
| 04/23/14 | Reviewed correspondence and attachments from Attorney Michael Murtaugh regarding issues arising out of testimony of Mr. Robert Plante; prepared summary of Mr. Robert Plante's deposition for utilization in Motion in Limine; prepared correspondence to Attorney Devin Murtaugh.<br>A.G.Starkoff                                    2.00 hrs. | 525 | 1050 |
| 04/29/14 | Conferred regarding ▮▮▮▮▮▮▮▮▮▮; conferred regarding ▮▮▮▮▮▮▮▮▮▮ edited draft declaration.<br>S.D.Forry                                    2.30 hrs. | 345 | 793.50 |
| 04/30/14 | Reviewed and revised Mr. Edward Rezek's declaration; reviewed Motion in Limine filed by Messrs. Berger and Holstein.<br>A.G.Starkoff                                    1.70 hrs. | 525 | 892.50 |
| 05/05/14 | Conferred regarding ▮▮▮▮▮▮▮▮▮▮▮▮<br>S.D.Forry                                    .50 hrs. | 345 | 172.50 |
| 06/04/14 | Reviewed, collated, and compared ▮▮▮▮▮▮▮▮▮▮▮▮<br>S.D.Forry                                    3.30 hrs. | 345 | 1138.50 |
| 06/04/14 | Attention to comments to post trial brief; correspondence with Mike Murtaugh regarding same; meeting to discuss preferred findings of fact.<br>J.R.Dingledy                                    1.50 hrs. | 540 | 810 |

| Date | Description | Rate | Amount |
|---|---|---|---|
| 06/06/14 | Conferred regarding ▮▮▮▮▮<br><br>S.D.Forry          5.50 hrs. | 345 | 1897.50 |
| 06/11/14 | Attention to motion to dismiss and declaration issues for Siv.<br>J.R.Dingledy      1.50 hrs. | 540 | 810 |
| 06/11/14 | Reviewed documents relative to creation of software; drafted declaration of Mr. Sangarapillai.<br>A.G.Starkoff      3.00 hrs. | 525 | 1575 |
| 06/12/14 | Attention to Siv's declaration draft.<br>J.R.Dingledy      .30 hrs. | 540 | 162 |
| 06/13/14 | Reviewed and edited draft declaration of Sivashanker Sangarapillai.<br>S.D.Forry      .50 hrs. | 345 | 172.50 |
| 07/25/14 | Conferred regarding ▮▮▮▮ developed strategy for addressing same before next pretrial conference.<br>S.D.Forry      .50 hrs. | 345 | 172.50 |
| 08/04/14 | Conferred regarding ▮▮▮▮ conferred regarding ▮▮▮▮ prepared list of documents to seek from plaintiff's counsel in conjunction with subpoena.<br>S.D.Forry      1.50 hrs. | 345 | 517.50 |
| 08/12/14 | Participated in telephone conference with Attorney David Kohane; reviewed and revised Amended Counterclaim.<br>A.G.Starkoff      1.80 hrs. | 525 | 945 |
| 08/27/14 | Conferred regarding ▮▮▮▮<br>S.D.Forry      .50 hrs. | 345 | 172.50 |
| 10/17/14 | Conferred with Forry regarding ▮▮▮▮<br>E. Cary      .30 hrs. | 250 | 75 |
| 11/05/14 | Conferred regarding ▮▮▮▮<br>S.D.Forry      .60 hrs. | 345 | 276 |
| 12/02/14 | Conferred regarding ▮▮▮▮<br>S.D.Forry      .50 hrs. | 345 | 172.50 |
| 12/09/14 | Conferred regarding ▮▮▮▮ prepared summary of next steps to send to client for consideration; analyzed research of whether we ▮▮▮▮<br>S.D.Forry      3.00 hrs. | 345 | 1035 |

| 01/20/15 | Conferred regarding ████████████████████████<br>S.D.Forry                    .30 hrs. | 365 | 109.50 |
|----------|---|---|---|
| 03/02/15 | Conferred regarding Ben Berger's request ████████<br>S.D.Forry                    .50 hrs. | 365 | 182.50 |
| 03/09/15 | Reviewed discovery requests to Group 3, AWG Remarketing and Columbus Fair Auto Auction; met Steve Forry regarding ████████<br>L.E.Cory                    1.20 hrs. | 240 | 288 |
| 03/12/15 | Conferred regarding ████████<br>S.D.Forry                    .30 hrs. | 365 | 109.50 |
| 03/24/15 | Conferred regarding ████████<br>S.D.Forry                    .50 hrs. | 365 | 182.50 |
| 04/09/15 | Email communication with Secure Discovery representative regarding ████████<br>L.E.Cory                    .30 hrs. | 240 | 72 |
| 04/13/15 | Conferences with Steve Forry regarding ████████ researched whether Peter Levy mailbox was collected for searching purposes.<br>L.E.Cory                    1.10 hrs. | 240 | 264 |
| 04/28/15 | Participated in telephone conference with Messrs. Jay Dingledy and Steve Forry to discuss ████████<br>A.G.Starkoff                    .50 hrs. | 550 | 275 |
| 04/30/15 | Conferred regarding ████████ conferred regarding ████████<br>S.D.Forry                    1.30 hrs. | 365 | 464.50 |
| 05/05/15 | Conferred regarding ████████<br>S.D.Forry                    .80 hrs. | 365 | 292 |
| 05/06/15 | Attention to litigation issues and strategy; correspondence regarding ████████<br>J.R.Dingledy                    .50 hrs. | 550 | 275 |
| 05/06/15 | Met with Steve Forry to discuss ████████<br>D. Culicover                    .60 hrs. | 240 | 144 |
| 05/12/15 | Researched whether ████████<br>D. Culicover                    2.30 hrs. | 240 | 552 |

| | | | |
|---|---|---|---|
| 05/14/15 | Researched whether the ████████████████████ ████████████████████████████████ drafted e-mail to Steve Forry summarizing research.<br>D. Culicover  1.00 hrs. | 240 | 240 |
| 05/15/15 | Met with Steve Forry to discuss ███████████████████████<br>████████████████████████████████<br>D. Culicover  .90 hrs. | 240 | 216 |
| 05/15/15 | Analyzed research relating to whether ████████████████████<br>████████████████████ analyzed issues surrounding Third-Party Defendant Greenwald's letter threatening Civil Rule 11 sanctions; analyzed issues arising from Mr. Greenwald's letter asserting deficiencies in client's discovery responses.<br>S.D.Forry  3.80 hrs. | 365 | 1387 |
| 05/19/15 | Conference regarding ████████████████████<br>J.R.Dingledy  .50 hrs. | 550 | 275 |
| 06/01/15 | Conferred regarding █████████████████████████<br>S.D.Forry  .80 hrs. | 365 | 292 |
| 06/12/15 | Conferred regarding ████████████████ prepared summary of outstanding items to address in litigation.<br>S.D.Forry  2.00 hrs. | 365 | 730 |
| 06/16/15 | Attention to discovery matters; conference and correspondence regarding ███████████<br>J.R.Dingledy  .30 hrs. | 550 | 165 |
| 06/19/15 | Attention to strategy for copyright and related litigation; conference regarding ██████████<br>J.R.Dingledy  1.00 hrs. | 550 | 550 |
| 07/22/15 | Met with Steve Forry to ████████████<br>D. Culicover  .60 hrs. | 240 | 144 |
| 07/23/15 | Met with Steve Forry and Alan Starkoff to ████████████<br>████<br>D. Culicover  .70 hrs. | 240 | 168 |
| 07/30/15 | Conferences and correspondence regarding ████████████ ened<br>J.R.Dingledy  .50 hrs. | 550 | 275 |



| Date | Description | | |
|---|---|---|---|
| 08/04/15 | Conferred with ▮▮▮▮ communicated with client ▮▮▮▮ revised draft rule 26f report prepared by plaintiff's counsel.<br>S.D.Forry                                    1.30 hrs. | 365 | 474.50 |
| 08/04/15 | Reviewed Greenwald's Motion for Summary Judgment regarding indemnification and securities law claims.<br>D. Cullcover                                    2.60 hrs. | 240 | 624 |
| 08/11/15 | Review motion for sanctions filed by Devin Murtaugh; conference regarding ▮▮▮▮<br>J.R.Dingledy                                    .90 hrs. | 550 | 495 |
| 08/12/15 | Attention to status conference issues: conference regarding ▮▮▮▮ ; conference regarding ▮▮▮▮ avrt.<br>J.R.Dingledy                                    .90 hrs. | 550 | 495 |
| 08/18/15 | Conference regarding ▮▮▮▮<br>N.Woods                                    .20 hrs. | 295 | 59 |
| 08/20/15 | Met with Steve Forry to ▮▮▮▮<br>D. Cullcover                                    1.00 hrs. | 240 | 240 |
| 08/24/15 | Met with Forry to ▮▮▮▮<br>D. Cullcover                                    .30 hrs. | 240 | 72 |
| 08/25/15 | Met with Steve Forry and Alan Starkoff to ▮▮▮▮<br>D. Cullcover                                    1.10 hrs. | 240 | 264 |
| 09/02/15 | Met with Steve Forry to ▮▮▮▮<br>D. Cullcover                                    .90 hrs. | 240 | 216 |
| 10/01/15 | J.R.Dingledy    .40    550.00    220.00    Attention to litigation matters; correspondence with Devin Murtaugh regarding Liang appeal. | 550 | 220 |
| 10/02/15 | A.G.Starkoff    1.80    550.00    990.00    Prepared memorandum in opposition. | 550 | 990 |
| 10/13/15 | A.G.Starkoff    1.50    550.00    825.00    Reviewed correspondence from Attorney Stephen Chappelear; prepared evidence for hearing before Judge Frost; reviewed chronology of litigation. | 550 | 825 |
| **TOTAL** | | **$33,162** | |

The Court accordingly reduces the fee amount set forth in the invoices by a total of

$168,166.50.

### 3.  Costs – Expert Fees

As stated above, § 505 of the Copyright Act permits the Court to award "the recovery of full costs by or against any party" in addition to a reasonable attorney's fee.  17 U.S.C. § 505. Section 1920 of Chapter 28 of the United States Code states that a judge or court may tax as costs the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Sixth Circuit has held that expert fees are not costs within the meaning of § 1920.  *L&W Supply Corp. v. Acuity*, 475 F.3d 737, 741 (6th Cir. 2007).

Defendants acknowledged at oral argument that "everything [they] submitted would be covered under 28 U.S.C. 1920 as costs, other than expert witnesses."  (ECF No. 250, at PAGEID # 6165.)  They further acknowledged that the $2,200 in costs for the "fees and expenses of Stout Risius & Ross," the expert Defendants had retained in the event this case went to trial, "would not be recoverable under the Copyright Act" but would only be recoverable "under Rule 11 should the Court order show cause and grant fees."  (*Id*. at PAGEID # 6166.)  Defendants added

39

that "Mr. Carpenter's fees, likewise, would not be covered under our interpretation of Section 1920 of 28 U.S.C." (*Id*.)

Defendants noted that the Ninth Circuit has suggested that "[t]he definition of full costs under the Copyright Act [is] broader than the costs allowed under Section 1920." (ECF No. 250, at PAGEID # 6181.) The case to which Defendants refer is *Twentieth Century Fox Film Corp. v. Entertainment Distributing*, 429 F.3d 869, 885 (9th Cir. 2005), in which the court noted that circuits are split over the issue of whether expert fees are recoverable as costs under § 505 of the Copyright Act. The *Twentieth Century* court cited a Sixth Circuit case in which the court affirmed an award of non-taxable costs under § 505; however, the case contains no discussion on this issue. *See Coles. v. Wonder*, 283 F.3d 798, 803 (6th Cir. 2002).

Defendants do not provide any argument as to why the Sixth Circuit would adopt the rule adopted by the Ninth Circuit that non-taxable costs (*i.e*., costs not listed in 28 U.S.C. § 1920) are recoverable as costs under the Copyright Act. Given this fact, and given that Defendants conceded at oral argument that their expert fees "would not be recoverable under the Copyright Act," the Court declines to include any expert fees as costs in the § 505 award.

The Court further notes that Defendants failed to provide any evidence of the costs incurred to retain Stout Risius & Ross. Although Mr. Carpenter testified about these costs, they are not reflected in the invoices submitted as Exhibit One at the October 23, 2015 oral hearing. The Court accordingly has no basis on which to accept Mr. Carpenter's testimony that Ice Miller spent approximately $2,200 to retain Stout Risius & Ross.

The sum of $2,200 in costs for the fees and expenses of Stout Risius & Ross and the sum of $23,835.98 for Mr. Carpenter's fees, therefore, is excluded from the § 505 award. The Court

40

will address the issue of expert fees when it considers Defendants' arguments regarding Rule 11 sanctions.

### 4.  Miscellaneous Costs

The invoices submitted by Defendants reflect $7,684.89 in costs.  This sum includes research costs, courier services and service of process costs, electronic data storage costs, costs for copies obtained from the United States Copyright Office, subpoena service costs, the cost of Jimmy John's sandwiches ordered at Liang's deposition, airfare and lodging costs, and costs for a certified transcript.

Many of these charges, such as transcripts and copies, are covered under 28 U.S.C. 1920's definition of costs.  The Court finds that Defendants failed to meet their burden in demonstrating the reasonableness of the remaining costs.

Regarding research costs, although the Sixth Circuit has suggested that research costs for service engines such as Lexis/Nexis and Westlaw may be recovered in some circumstances, the party seeking such costs must establish that each entry is reasonably related to the issues raised in the case.  *Smith v. Serv. Master Corp*., 592 F. App'x 363, 368–69 (6th Cir. 2014).  The invoices Defendants provided as evidence of their research costs state only, "Legal Research Expense – LEXIS/NEXIS," and provide the date, rate, and amount charged.  The Court is unable to discern whether the charges relate to the copyright case, the third-party complaint, or some other legal issue.  The Court accordingly excludes these charges from the award of costs.

The Court reaches the same conclusion regarding the electronic data discovery and storage costs.  Even if these costs are recoverable under § 505, Defendants failed to establish that these costs were related to defending Liang's copyright claims as opposed to prosecuting the

41

third-party complaint.  The Court accordingly excludes these costs from the § 505 award.

Defendants do not provide any argument or authority stating that the cost of food ordered during a deposition is recoverable under the Copyright Act.  The Court accordingly excludes this charge from the cost award.

Finally, regarding travel costs, Defendants cited a case during oral argument in which a judicial officer in the Northern District of Ohio awarded travel costs as part of the attorneys' fees awarded under § 505.  Defendants do not, however, make any effort to demonstrate that the travel costs in this case relate to their defense of the copyright claims.  Defendants similarly do not provide any evidence specific to the reasonableness of the travel costs incurred in this case. The Court therefore excludes these costs from the cost award.

### 7.  *Reasonableness of Remaining Sum*

The Court is left with $651,066.00 in attorney's fees and $2,195.07 in costs.  Defendants' expert, Mr. Carpenter, opined that such fees and costs were reasonable for this litigation and were consistent with fees and costs charged in the Columbus, Ohio legal community.  The Court agrees, subject to caveats stated below.

Regarding costs, $2,195.07 is reasonable for litigation that has spanned over two years. Mr. Carpenter noted that the costs were reasonable relative to the amount of work performed in this case.  Mr. Carpenter further noted that the costs were especially reasonable given the fact that Ice Miller wrote off a substantial amount of their costs before invoicing Defendants. Defendants provided no evidence that would rebut this testimony.

Regarding attorney's fees, courts typically calculate the same by calculating the fee applicant's "lodestar," which is the number of hours worked multiplied by a court-ascertained

42

reasonable hourly rate. *See, e.g., Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The hourly rates Ice Miller charged, along with the total amount of billed hours, are as follows:

| Title | Years Experience | Hourly Rate | Hours Billed |
|---|---|---|---|
| Partner | 40 | $495–550 | 520.10 |
| Partner | 44 | $525–550 | 204.50 |
| Partner | 21 | $390–440 | 55.80 |
| Partner | 13 | $320–365 | 860.30 |
| Associate | 1 | $240 | 148.00 |
| Associate | 6 | $270–295 | 7.00 |
| Associate | 4 | $250–260 | 60.80 |
| Associate | 2 | $240–260 | 1.5 |
| Associate | 7 | $280 | 1.7 |
| Paralegal | 24 | $230–240 | 45.30 |
| Paralegal | 30 | $230 | 10.00 |
| Paralegal | 21 | $200 | 2.0 |
| Document Repository Coordinator | | $170–285 | 3.60 |
| Research Librarian | | $250 | .50 |
| **Total Hours Billed** | | | 1921.1 |

The Court has considered the invoices reflecting these charges, Mr. Carpenter's testimony at the October 23, 2015 oral hearing, Liang's counsel's cross-examination of the same, as well as the Ohio State Bar Association's *The Economics of Law Practice in Ohio in 2013*. Subject to the modifications discussed above, the Court agrees with Mr. Carpenter that the scope of work performed in this case was reasonable.  This litigation has spanned over two years, with 260 docket entries including multiple discovery disputes and dispositive motions.  Ice Miller tried to settle the case multiple times but Liang and her current counsel did not entertain such negotiations.  Given these facts, as well as Mr. Carpenter's testimony regarding the necessity of the actions Ice Miller took at each stage of the litigation, the Court finds that the total number of hours billed (reduced as discussed in Section II(B)(1)–(2) above) is reasonable based on the specific facts of this case.

The number of hours billed per timekeeper, however, merits further observation.  The overwhelming majority of time in this case was billed by two senior partners (724.6 hours) and one junior partner (860.30 hours) for a combined total of 1584.9 hours, or approximately 82% of the total number of hours.  Associates, in contrast, billed a combined total of 219 hours, or approximately 11% of the total number of hours, with a majority of those hours being billed by a first-year associate.  Courts in this circuit have recognized that such top-heavy billing warrants an across-the-board reduction of the lodestar amount.  *See, e.g., Brideport Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 596 (6th Cir. 2008) (affirming the district court's decision to reduce the lodestar amount by 25% "to account for top-heavy billing by partners for work that could have been performed by associates").

The Court acknowledges that this case is somewhat unique in that a substantial amount of

44

time was spent on high-level strategy given the relatedness of this case and the California litigation, the pending Greenwald litigation, and the pending malpractice action against Liang's former counsel; the multiple settlement offers that Liang rejected; Liang's shifting theories regarding preliminary issues like standing; Liang's change in counsel and her abrupt change in litigation strategy accompanying that change; Defendants' clear desire to resolve the standing issue before spending time litigating the merits of the copyright claims; and the myriad of discovery issues, among other things. Ice Miller acknowledged at the oral hearing, however, that "the vast majority" of the hours expended "related to purely procedural issues and summary judgment issues on a jurisdictional question that are not unique to copyright law, but are the basis of any lawsuit filed anywhere." (ECF No. 250, at PAGEID # 6111.) Associates undoubtedly could have performed a substantial amount of the research and briefing on these issues. The Court accordingly reduces the fee award by 10% to account for the top-heavy billing reflected in the invoices.

Regarding the rates, Mr. Carpenter opined that the rates charged were reasonable in the Columbus, Ohio legal community given each timekeeper's level of experience and expertise and given Ice Miller's status as a preeminent law firm in the community. Liang did not persuasively challenge that opinion. The Court accordingly accepts Mr. Carpenter's opinion regarding the reasonableness of the rates charged, with one exception. Another judicial officer in this district recently recognized that "only 10.3 percent of paralegals in the greater Columbus area bill at a rate over $130 per hour" and accordingly reduced the paralegal's charged rate from $195 per hour to $80 per hour. *Compass Homes, Inc.*, 2015 WL 4639654, at *8. Here, Defendants seek to recover paralegal fees for 57.3 hours of work at rates that range from $200 per hour to $240

45

per hour, amounting to approximately $13,000.  Defendants provided evidence that the three

billing paralegals had substantial experience (21 years, 24 years, and 30 years, respectively), but

did not provide specific evidence or argument as to how Ice Miller set the paralegal rates and

why these rates are significantly higher than the average rate in the Columbus, Ohio legal

community.  The Court accordingly reduces the fee award by $5,000 to account for this

deficiency.

In sum, the Court calculates the lodestar in this case to be $581,459.40 in attorney's fees

and $2,195.07 in costs.

### 8.        Additional Lodestar Adjustments

It is well-settled that the lodestar amount "does not end the inquiry."  *Compass Homes,*

*Inc.*, 2015 WL 4639654, at *10 (citing *Hensley*, 461 U.S. at 434).  Additional factors, such as the

outcome and/or the complexity of the issues, can be applied to increase or decrease the lodestar

amount.  *See id*.  The parties do not, however, suggest any reason that the Court should adjust the

amount reached in this case.  The Court likewise discerns none.

As such, having considered all of the evidence and arguments before it, the Court awards

Defendants a total of **$581,459.40 in attorney's fees and $2,195.07 in costs** pursuant to 17

U.S.C. § 505.

### C.        Show Cause Order Pursuant to Federal Rule of Civil Procedure 11(c)

The final issue for the Court is Defendants' request for an order under Rule 11(c)

instructing Liang to show cause why additional sanctions should not be awarded under Rule 11.

Defendants acknowledged at the October 23, 2015 oral hearing that they seek such an order

because they did not serve a Rule 11 motion on Liang prior to filing it, as Sixth Circuit precedent

requires.

Rule 11(c) has no application to the facts of this case. That Rule permits the Court," [o]n its own," to "order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). Liang has already presented her arguments to the Court as to why she should not be responsible for Defendants' fees and costs. The Court rejected those arguments and awarded reasonable fees and costs. The Court accordingly sees no reason to order Liang to show cause why she should not be responsible for additional fees and costs on top of those already awarded.

Because Defendants acknowledged that Mr. Carpenter's fees only become relevant if the Court were to ultimately issue Rule 11 sanctions in addition to the § 505 award, the notice of Mr. Carpenter's fees (filed December 16, 2015, ECF No. 253) is without consequence to the Court's analysis. The Court accordingly **DENIES AS MOOT** Liang's motion to strike the notice. (ECF No. 254.)

### III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion for attorneys' fees and costs (ECF No. 227) and awards Defendants $581,459.40 in attorney's fees and $2,195.07 in costs. The Court **DENIES AS MOOT** Liang's motion to strike Defendants' supplemental notice of costs. (ECF No. 254.)

As a final housekeeping matter, the Court addresses Liang's "objection" to the Court's January 20, 2016 Order granting Defendants' motion to continue the final pretrial and trial dates on the abuse of process claim. (ECF No. 258.) To the extent this objection can be interpreted as a motion for reconsideration of the Court's order, the Court denies the same. Defendants have

47

indicated that the relief sought in their abuse of process counterclaim overlaps substantially with the relief sought in their motion for fees and costs such that "the resolution of the Fees Motion may obviate the need for a trial."  (ECF No. 256, at PAGEID # 6249.)  Defendants accordingly should inform the Court whether they intend to continue pursuing their abuse of process counterclaim in light of this Opinion and Order.

**IT IS SO ORDERED**.

**/s/ Gregory L. Frost**
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**